J-S58014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NABIN SHARMA, | |
| Appellant | No. 1894 WDA 2013 |

Appeal from the Judgment of Sentence October 30, 2013
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-SA-0001592-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED SEPTEMBER 24, 2014**

Appellant, Nabin Sharma, appeals *pro se* from the judgment of sentence entered after his summary conviction of obedience to traffic-control devices warning of hazardous conditions.[1]  We affirm.

On May 21, 2013, Moon Township Police Officer Douglas Ogden observed a car, driven by Appellant, fail to stop at a stop sign in violation of 75 Pa.C.S.A. § 3323(b).  (**See** N.T. Summary Appeal, 10/30/13, at 9).  On June 18, 2013, Appellant pleaded guilty before a magisterial district judge, who fined him twenty-five dollars plus costs.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3111(a).

On July 9, 2013, Appellant filed a notice of summary appeal. Following a hearing on October 30, 2013, the trial court found Appellant guilty of the lesser offense of obedience to traffic-control devices warning of hazardous conditions. The trial court imposed a fine of twenty-five dollars plus costs. The instant, timely appeal followed. On December 3, 2013, the trial court ordered Appellant to file a concise statement of errors complained of on appeal; Appellant filed the statement on December 23, 2013. *See* Pa.R.A.P. 1925(b). On January 23, 2014, the trial court issued an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review.

A. At what time of day incident happen?

B. Incident **LOCATION** visibility middle of night clearly visible from all sides?

C. Did [Appellant] complain about incident LOCATION or STOP SIGN visibility[?]

D. At the *de novo* hearing Officer Ogden also suggested to the court [Appellant] has PFA order **VIOLATION** and he was [Appellant] house for that, is this authenticate[ ]? [sic]

(Appellant's Brief at 1) (emphases in original).

Initially, we note that Appellant's brief utterly fails to comply with the rules of appellate procedure. For example, Appellant has failed to include the following items in his brief: (1) an order or other determination in question pursuant to Pa.R.A.P. 2111(a)(2) and (2) a summary of the argument pursuant to Pa.R.A.P. 2111(a)(6). Further, Appellant's statement

of jurisdiction does not comply with Pa.R.A.P. 2114. (**See** Appellant's Brief, at 1). His statement of the scope and standard of review is incorrect. (**See id.**). His statement of the questions involved is in violation of Pa.R.A.P. 2116(a) and is largely unintelligible. (**See id.**). His statement of the case does not comply with Pa.R.A.P. 2117(a) and (b). (**See id.**). Further, his argument consists of a single sentence and is completely devoid of citation to either the record or relevant legal authority in violation of Pa.R.A.P. 2119. (**See id.**). Lastly, Appellant attaches four exhibits to his brief that he admits he did not submit to the trial court, (**see id.** at 19), which is not permitted.[2] **See First Union Nat. Bank v. F.A. Realty Investors Corp.**, 812 A.2d 719, 724 n.3 (Pa. Super. 2002).

> We recognize that Appellant is proceeding *pro se* in his appeal.

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

**Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005) (citations omitted). Therefore, because of his failure to adhere to the Rules of Appellate procedure, this Court has the right to quash or dismiss Appellant's

---

[2] Appellant also includes a three paragraph "Brief of the Appellant." (**See** Appellant's Brief, at 19). The purported brief presents a somewhat meandering narrative but again fails to develop an argument of trial court error or support its contentions with any citation to authority.

appeal pursuant to Pa.R.A.P. 2101. **See id.** at 497. Despite this, "in the interest of justice we address the arguments that can reasonably be discerned from this defective brief." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005).

To the extent that it can be determined, on page nineteen of his brief, Appellant's "Brief of Appellant," seems to challenge either the sufficiency of weight of the evidence.[3] (**See** Appellant's Brief, at 19).

Our standard of review for sufficiency of the evidence claims is well settled:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

_____

[3] We note that, pursuant to Pa.R.Crim.P. 720(D), Appellant could not raise his weight of the evidence claim in a post-sentence motion. **See** Pa.R.Crim.P. 720(D).

***Commonwealth v. Tarrach***, 42 A.3d 342, 345 (Pa. Super. 2012) (citations

omitted). In finding that the evidence was sufficient to sustain Appellant's

conviction,[4] the trial court stated:

> At the *de novo* hearing, Officer Douglas Ogden of the Moon Township Police Department testified that he was present at the intersection of Brodhead Road and Flaugherty Run Road on May 21, 2013, and observed [Appellant's] vehicle when it failed to stop at the 4 way stop sign at the intersection. [Appellant] testified that he stopped at the stop sign. There were no other witnesses. The [trial c]ourt found the testimony of Officer Ogden to be credible.
>
> [Appellant] also complains the stop sign was not clearly visible because there was poor lighting in the immediate area and that the area is surrounded by trees and hills which also limited visibility. There was no evidence presented at the *de novo* hearing regarding the visibility of the stop sign.

(Trial Court Opinion, 1/23/14, at unnumbered pages 1-2). This evidence is

sufficient to sustain the conviction.

Our scope and standard of review of a weight of the evidence claim is

as follows:

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses.
>
> As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's

---

[4] We note that the original citation was for failing to stop at a stop sign in violation of 75 Pa.C.S.A. § 3323. However, because the parties agreed to give Appellant the lowest possible fine, so the trial court found him guilty of obedience to traffic-control devices warning of hazardous conditions. (***See*** N.T. Summary Appeal, 10/30/13, at 10-11).

verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.

***Commonwealth v. Boyd***, 73 A.3d 1269, 1274-75 (Pa. Super. 2013) (*en banc*) (citation and internal quotation marks omitted).

In its Rule 1925(a) opinion, the trial court discussed the conflicting testimony and stated that it found Officer Ogden's testimony credible. (***See*** Trial Court Opinion, 1/23/14, at unnumbered page two). We have thoroughly reviewed both the trial court's opinion and the record in this matter and find that the trial court did not commit a palpable abuse of discretion in rejecting Appellant's weight of the evidence claim. Therefore, Appellant's claim must fail.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/24/2014