**COMMONWEALTH of Pennsylvania**

v.

**Martin Roger BOYD, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued April 17, 2012.
Filed Aug. 14, 2013.

---

Tariq K. El–Shabazz, Philadelphia, for appellant.

Patrick Dougherty, Assistant District Attorney, Indiana, for Commonwealth, appellee.

BEFORE: STEVENS, P.J.*, BENDER, J., PANELLA, J., DONOHUE, J., ALLEN, J., MUNDY, J., OLSON, J., OTT, J., and WECHT, J.

OPINION BY PANELLA, J.

In this appeal, we are asked to address whether the requirement of issue preservation applies to claims that the sentencing court breached a duty in imposing a sentence that admittedly does not exceed the statutory maximum. Specifically, we must determine whether a claim that the sentencing court failed to consider the defendant's ability to pay before imposing fines, in contravention of 42 Pa. Cons.Stat.Ann. § 9726(c), must be raised before the sentencing court in order to be preserved for appellate review. After careful consideration, we hold that such a claim is nonwaivable if the defendant alleges that there was no evidence of record concerning the defendant's ability to pay, because the issue attacks the legality of the sentence. On the other hand, all other claims concerning the defendant's ability to pay a fine must be preserved by raising them in the first instance before the trial court, because they concern an alleged abuse of discretion by the trial court.

As Boyd's claim on appeal is that there was no evidentiary basis for the fines im-

---

* This decision was reached prior to July 30, 2013, with President Judge Stevens' partic-
ipation.

posed, his issue is not waived, despite his failure to raise it before the trial court. However, we conclude that since there was an evidentiary basis of record for the imposition of fines, Boyd's argument merits no relief. In addition, we conclude that Appellant's challenge to the weight of the evidence at trial supporting his convictions is meritless.

Appellant, Martin Roger Boyd, Jr., was arrested following a shooting during the early morning hours of April 3, 2009. Thereafter, a jury found Boyd guilty of aggravated assault—serious bodily injury, attempted aggravated assault—serious bodily injury, two counts of recklessly endangering another person ("REAP"), two counts of simple assault, and carrying a firearm without a license. On June 24, 2010, the sentencing court sentenced Boyd to an aggregate term of incarceration of not less than eight and one-half years to not more than twenty years. The sentencing court also imposed fines, costs, and restitution upon Boyd.

Boyd filed a timely notice of appeal, and the trial court ordered Boyd to file a statement of matters complained of on appeal pursuant to the Pennsylvania Rules of Appellate Procedure. Boyd filed a timely statement, and the trial court filed its opinion in support of the verdict and sentence on September 16, 2010. Boyd's appeal is now ripe for our review.

On appeal, Boyd argues that his sentence is illegal as the sentencing court failed to consider Boyd's ability to pay the fines imposed. A sentencing court "shall not sentence a defendant to pay a fine unless it appears of record that ... the defendant is or will be able to pay the fine...." 42 Pa. Cons.Stat.Ann. § 9726(c). However, before reaching the substance of Boyd's argument, we must determine whether it is a viable issue on appeal.

■ It is undisputed that Boyd failed to raise this issue at sentencing, through a post-sentence motion, or in his statement of matters complained of on appeal. For most issues, this failure, sometimes referred to as a failure to preserve the issue, would deem the issue waived for appellate review. Nevertheless, some issues carry such weight that Pennsylvania appellate courts have refused to find them waived even when an appellant has not preserved the issue by raising it in the trial court.

One class of issues that has traditionally not needed to be preserved through presentation to the court below involves what has been called the "legality" of a criminal sentence. *See Commonwealth v. Hopkins*, 67 A.3d 817, 821 (Pa.Super.2013). Chief Justice Castille has explained that

[t]he classic claim of an illegal sentence is where the sentence exceeded the statutory maximum for the offense(s). A court is simply unauthorized to impose such a sentence. Another example of a clearly illegal sentence is one imposed by a court lacking jurisdiction.

*Commonwealth v. Foster*, 609 Pa. 502, 530, 17 A.3d 332, 349 (2011) (concurring opinion). This "bright line" test has been consistently applied by this Court. *See Commonwealth v. Robinson*, 931 A.2d 15 (Pa.Super.2007) (*en banc*); *Commonwealth v. Jacobs*, 900 A.2d 368 (Pa.Super.2006) (*en banc*), *appeal denied*, 591 Pa. 681, 917 A.2d 313 (2007); *Commonwealth v. Williams*, 900 A.2d 906 (Pa.Super.2006) (*en banc*), *appeal denied*, 591 Pa. 673, 916 A.2d 1102 (Pa.2007); *Commonwealth v. Archer*, 722 A.2d 203 (Pa.Super.1998) (*en banc*).

Boyd argues that the sentencing court lacked the authority to impose a fine without first determining, from evidence of record, that he had the ability to pay the fine. Therefore, Boyd's argument continues, his claim is one that implicates the legality of the sentence and is therefore immune to waiver. In support, Boyd cites to lan-

guage contained in the lead opinion for the Pennsylvania Supreme Court's decision in *Foster*.

In *Foster*, the Supreme Court was asked to review this Court's decision to vacate a mandatory minimum sentence. In particular, the Supreme Court was required to review the predicate conclusion that a challenge to the imposition of a mandatory minimum sentence that was still within statutory guidelines constituted a non-waivable challenge to the legality of the sentence. *See Foster*, 609 Pa. at 505, 17 A.3d at 334.

It is true that the Supreme Court unanimously affirmed this Court's vacation of the mandatory minimum sentence. However, it is equally true that no single rationale for the vacation of the sentence garnered the support of a majority of the Justices. The lead opinion was authored by Justice Baer, and joined by Justices Todd and McCaffery. The lead opinion states that the legality of the sentence imposed is

> only implicated when a sentencing court's inherent, discretionary authority to wield its statutorily prescribed sentencing powers is supplanted, abrogated, or otherwise limited, or the legislature's intent in fashioning a sentence has been potentially misapplied. In our view, there is little doubt that when a sentencing court has no alternative but to impose a certain minimum sentence, its authority to act has been infringed upon. Thus, under this Commonwealth's jurisprudence, any challenge thereunder must relate to a sentence's legality.

*Foster*, 609 Pa. at 522, 17 A.3d at 344–345.

Under this reasoning, it is arguable that Boyd's claim on appeal implicates the legality of his sentence. Section 9726(c)(1) clearly limits the sentencing court's power to impose fines; the court is prohibited from imposing a fine unless the record indicates that the defendant will be able to pay the fine. *See* 42 Pa.Cons.Stat.Ann. § 9726(c)(1). The sentencing court's authority to impose a fine has therefore been limited by the legislature. Under the reasoning quoted from the lead opinion in *Foster*, a claim that the record does not indicate that Boyd will be able to pay the fine is one that implicates the legality of the sentence and is therefore not subject to waiver.

As noted above, however, the lead opinion in *Foster* did not receive the support of a majority of the Justices. Three separate concurring opinions were penned, cumulatively receiving the votes of the remaining four Justices. A close reading of the three concurring opinions reveals that the lead opinion's reasoning was rejected by a majority of the Court.

Chief Justice Castille authored a concurring opinion, joined by former Justice Orie Melvin, that is critical of the reasoning employed by the lead opinion: "The difficulty here is that, to make the case fit within its paradigm, the lead Justices adopt an overly broad rule redefining the concept of 'illegal sentence.'" *Foster*, 609 Pa. at 526, 17 A.3d at 347. Chief Justice Castille's opinion expresses doubt that the discretionary versus legality dichotomy is appropriate to deal with all possible sentencing claims. *See id.*, 609 Pa. at 531, 17 A.3d at 350. Instead, the concurrence would reserve the label of "legality" for claims that are "obvious, undeniable, and capable of even administration, so much so that the claim may be raised *sua sponte*." *Id.*, 609 Pa. at 534, 17 A.3d at 352. Instead of applying the dichotomy mechanistically, Chief Justice Castille's concurring opinion favors "an approach that would weigh the nature and gravity of the substantive sentencing claim against the values served by the specific normative default principle (here, issue preservation) at issue." *Id.*, 609 Pa. at 535, 17 A.3d at 352.

Thus, it is clear that Chief Justice Castille and Justice Orie Melvin do not agree with the reasoning employed by the lead opinion.

Justice Saylor authored a second concurring opinion, in which he states:

> To the degree [the lead opinion] reflects that review of legality-of-sentence claims has been made available in limited categories of cases beyond those involving claims that sentences exceeded statutory maximums—despite non-adherence to ordinary principles of issue preservation and presentation—I support its reasoning and holding.
>
> To the extent, however, the lead opinion conceives a rule of general application and/or sanctions, as the reviewability litmus, application of the dichotomy between claims of legal error and discretionary aspects of sentencing ... I hold a different view similar to that of Mr. Chief Justice Castille.

*Id.*, 609 Pa. at 539–540, 17 A.3d at 355. Justice Saylor further indicates that he agrees with Chief Justice Castille's opinion that "assessment of whether additional categories of claims will qualify is necessarily an evaluative one...." *Id.*, 609 Pa. at 541, 17 A.3d at 356. Thus, it appears that Justice Saylor agrees with the lead opinion that a claim that a mandatory minimum sentence was improperly imposed is properly classified as an illegal sentence. However, it also appears that Justice Saylor eschews the lead opinion's explicit reasoning for this conclusion in favor of Chief Justice Castille's balancing test.

Finally, Justice Eakin wrote a concurring opinion, joined by Chief Justice Castille. This concurring opinion opines that, so long as the sentence remains within the statutory limits, it cannot be considered illegal. *See id.*, 609 Pa. at 541–542, 17 A.3d at 356. As a result, Justice Eakin agreed with "Chief Justice Castille's view that this case concerns retroactivity, and

the lead opinion has needlessly redefined illegality...." *Id.* It is therefore clear that Justice Eakin rejects the reasoning employed in the lead opinion.

Thus, we conclude that four Justices rejected the lead opinion's application of the "bright line" test, and implicitly this Court's line of *en banc* cases that have followed such a test, and instead favored some form of balancing test when evaluating whether a sentencing claim is subject to waiver for procedural defaults. The exact contours of the balancing test are not well-defined, and may, in fact, be a source of contention even between the four Justices favoring such a test. We are therefore left to balance the interests involved based upon the circumstances of the case presently before us relative to the circumstances present in *Foster.*

Initially, we note the explicit language of the mandate contained in section 9726: "The court shall not sentence a defendant to pay a fine unless it appears of record that ..." the defendant has the financial means to pay the fine and that the fine will not interfere with payment of restitution to a victim. 42 Pa.Cons.Stat.Ann. § 9726(c)(1). Based upon this language, a claim that the trial court failed to consider the defendant's ability to pay a fine can fall into several distinct categories. First, a defendant may claim that there was no record of the defendant's ability to pay before the sentencing court. In the alternative, a defendant may claim that the sentencing court did not consider evidence of record. Finally, a defendant may claim that the sentencing court failed to permit the defendant to supplement the record.

After reviewing these categories, we conclude that only the first type of claim qualifies as non-waivable under *Foster.* Section 9726(c) requires that it be "of record" that the defendant can pay the fine. Therefore, an argument that there was no

evidence of the defendant's ability to pay constitutes a claim that the fine was imposed in direct contravention of a statute. Furthermore, a complete lack of evidence in the record would be apparent from the face of the record and would not require the application of reasoning or discretion on the part of the appellate court. Accordingly, we conclude pursuant to *Foster*, that a claim raising the complete absence of evidence of the defendant's ability to pay is not subject to waiver for a failure to preserve the issue in the first instance.

In contrast, the other categories of claims concerning the sentencing court's consideration of the defendant's ability to pay are subject to waiver under *Foster*. These claims would require the application of discretionary reasoning to the record before the sentencing court. Section 9726(c) does not require the sentencing court to credit any specific testimony. Nor does it require that the sentencing court hold a hearing on the issue. So long as there is some evidence of record regarding the defendant's ability to pay, arguments over the scope and weighting of such evidence implicate the discretionary aspects of the sentence imposed. Therefore, these categories of claims are subject to waiver for failure to preserve the claim in the first instance.

In the present case, Boyd argues that the sentencing court erred in imposing "financial conditions upon his sentences without an evidentiary basis." Therefore, Boyd's claim falls into the first category of claims regarding the application of section 9726(c). It is therefore not waived for his failure to present it in the first instance to the sentencing court.

■ However, we note that there was an evidentiary basis for the trial court's imposition of fines. The sentencing court had the benefit of a pre-sentence investigation ("PSI") report dated April 14, 2010. This PSI report contains significant information regarding Boyd's educational history, employment history, and existing assets. This information provided the sentencing court with an evidentiary basis upon which to impose a fine. Accordingly, we conclude that Boyd's claim that the sentencing court violated section 9726(c)(1) is based upon a misrepresentation of the record, and no relief is warranted.

Boyd also contends that he was "not permitted to produce evidence" of his ability to pay the fine, and therefore various Constitutional rights were violated. However, we conclude that Boyd's argument misconstrues the nature of the record before us. A sentencing hearing was held. The PSI report was placed into the record. Boyd's counsel had the opportunity to supplement the record, but did not take advantage of this opportunity. As such, Boyd's argument merits no relief.

■ In his alternate issue on appeal, Boyd argues that his convictions are against the weight of the evidence adduced at trial. Specifically, Boyd argues that the weight of the evidence was insufficient to establish that he was the person who shot the victim. *See* Appellant's Brief, at 10. Our standard of review is well-settled:

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses. As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its

rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience."

Furthermore, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Cruz*, 919 A.2d 279, 281–82 (Pa.Super.2007) (citations and block quote formatting omitted), *appeal denied*, 593 Pa. 725, 928 A.2d 1289 (2007).

In addressing this argument, the trial court states:

> After a thorough review of the record, the Court finds that the jury's verdict is not so contrary to the evidence so as to make the award of a new trial imperative. The jury was free to believe the testimony of the six eyewitnesses who identified the Defendant as being involved in an altercation, pulling out a shiny object from his waistband, and hearing and/or seeing shots then fired. The witnesses testified at length as to where the shooting occurred and the observations they made of the Defendant. Medical personnel also testified regarding the injuries sustained by one of the victims. An ammunition round as well as spent casings were introduced into evidence as well as photos of where the items were located when found. A firearm and tool mark examiner testified that the spent casings all came from the same weapon and that there was a possibility that the live bullet came from another weapon. There was also testimony at trial regarding a search warrant executed at Defendant's residence and the clothing seized matching the descrip-

> tions given by the eyewitnesses. The jury verdict does not shock one's sense of justice and is not against the weight of the evidence.

Trial Court Opinion, 9/16/2010, at 2. We cannot conclude that this reasoning constitutes an abuse of discretion, and therefore find no error.

In summary, we conclude that Boyd's sentencing claim merits no relief as there was an evidentiary basis for the imposition of fines, and that Boyd was not prevented from supplementing the record in this regard. We further conclude that Boyd's claim that his convictions were against the weight of the evidence at trial merits no relief. As such, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

BENDER, J., DONOHUE, J., and OTT, J. concur in the result.