J-S63027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE LAMONT SPANGLER | |
| Appellant | No. 277 MDA 2014 |

Appeal from the Judgment of Sentence March 15, 2011
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0002280-2009

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 02, 2014**

Appellant, Andre Lamont Spangler, appeals from the judgment of sentence entered March 15, 2011.  After careful review, we affirm.

Spangler pled guilty to various drug related offenses based upon allegations of multiple sales of cocaine.  The trial court initially sentenced Spangler to a term of incarceration of 10 to 20 years.  After considering Spangler's post-sentence motions, however, the trial court resentenced Spangler to an aggregate term of imprisonment of 7 to 14 years.

Spangler subsequently filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), through which his direct appeal rights were reinstated

_____

[*] Retired Senior Judge assigned to the Superior Court.

*nunc pro tunc* by PCRA court order dated January 10, 2014. This timely appeal followed.

On appeal, Spangler raises the following issues for our review:

1. Should Mr. Spangler be resentenced due to sentencing entrapment and/or sentencing manipulation?
   a. Did law enforcement engage in sentencing entrapment and/or sentencing manipulation in the course of its investigation?
   b. Is Appellant entitled to a new sentence due to sentencing entrapment and/or sentencing manipulation?
2. Is 18 Pa.C.S.A. § 7508 unconstitutionally vague?
3. Does 18 Pa.C.S.A. § 7508 violate the equal protection clauses?
4. Is 18 Pa.C.S.A. § 7508 unconstitutional as applied in this case since it constitutes cruel and unusual punishment?

Appellant's Brief, at 7.

Spangler concedes that his first issue is waived due to his failure to raise it in the trial court. **See** Appellant's Brief, at 13. He is therefore due no relief on his first argument.

Spangler's next three arguments all raise challenges to the constitutionality of 18 Pa.C.S.A. § 7508. The Commonwealth contends that two of these issues are waived due to Spangler's failure to raise any challenges to the constitutionality of his sentence in the trial court. Spangler counters that pursuant to **Commonwealth v. Foster**, 17 A.3d 332 (Pa. 2011), any challenge to the imposition of a mandatory sentence constitutes a challenge to the legality of the sentence. **See Commonwealth v. Foster**,

17 A.3d 332 (Pa. 2011). The Commonwealth does not address the applicability of *Foster*.[1]

In *Foster*, the Supreme Court of Pennsylvania was asked to review this Court's decision to vacate a mandatory minimum sentence. In particular, the Supreme Court of Pennsylvania was required to review the predicate conclusion that a challenge to the imposition of a mandatory minimum sentence that was still within statutory guidelines constituted a non-waivable challenge to the legality of the sentence. *See* 17 A.3d at 334.

It is true that the Supreme Court unanimously affirmed this Court's vacation of the mandatory minimum sentence. However, it is equally true that no single rationale for the vacation of the sentence garnered the support of a majority of the Justices. The lead opinion was authored by Justice Baer, and joined by Justices Todd and McCaffery. The lead opinion states that the legality of the sentence imposed is

> only implicated when a sentencing court's inherent, discretionary authority to wield its statutorily prescribed sentencing powers is supplanted, abrogated, or otherwise limited, or the legislature's intent in fashioning a sentence has been potentially misapplied. In our view, there is little doubt that when a sentencing court has no alternative but to impose a certain minimum sentence, its authority to act has been infringed upon. Thus, under this Commonwealth's jurisprudence, any challenge thereunder must relate to a sentence's legality.

_____

[1] This Court has previously addressed the application of *Foster* *en banc* in ***Commonwealth v. Boyd***, 73 A.3d 1269 (Pa. Super. 2013). The following analysis of *Foster* is substantially similar to that contained in ***Boyd***.

- 3 -

*Foster*, 17 A.3d at 344.

Under this reasoning, it is arguable that Spangler's claims on appeal implicate the legality of his sentence. Section 7508 clearly limits the sentencing court's discretion in imposing sentence; the court is mandated to impose certain minimum sentences if specific circumstances are met. *See* 18 Pa.C.S.A. § 7508. The sentencing court's authority to act in this manner has been limited by the legislature. Therefore, under the reasoning quoted from the lead opinion in *Foster*, a claim that the imposition of a mandatory minimum sentence under Section 7508 is unconstitutional is one that implicates the legality of the sentence and is therefore not subject to waiver.

As noted above, however, the lead opinion in *Foster* did not receive the support of a majority of the Justices. Three separate concurring opinions were penned, cumulatively receiving the votes of the remaining four Justices. A close reading of the three concurring opinions reveals that the lead opinion's reasoning was rejected by a majority of the Court.

Chief Justice Castille authored a concurring opinion, joined by Justice Orie Melvin, that is critical of the reasoning employed by the lead opinion: "The difficulty here is that, to make the case fit within its paradigm, the lead Justices adopt an overly broad rule redefining the concept of 'illegal sentence.'" *Id*., at 347. Chief Justice Castille's opinion expressed doubt that the discretionary versus legality dichotomy is appropriate to deal with all possible sentencing claims. *See id*., at 350. Instead, the concurrence

would reserve the label of "legality" for claims that are "obvious, undeniable, and capable of even administration, so much so that the claim may be raised *sua sponte*." **Id**., at 352. Instead of applying the dichotomy mechanistically, Chief Justice Castille's concurring opinion favored "an approach that would weigh the nature and gravity of the substantive sentencing claim against the values served by the specific normative default principle (here, issue preservation) at issue." **Id**., at 352. Thus, it is clear that Chief Justice Castille and Justice Orie Melvin did not agree with the reasoning employed by the lead opinion.

Justice Saylor authored a second concurring opinion, in which he stated:

> To the degree [the lead opinion] reflects that review of legality-of-sentence claims had been made available in limited categories of cases beyond those involving claims that sentences statutory maximums – despite non-adherence to ordinary principles of issue preservation and presentation – I support its reasoning and holding.
>
> To the extent, however, the lead opinion conceives a rule of general application and/or sanctions, as the reviewability litmus, application of the dichotomy between claims of legal error and discretionary aspects of sentencing … I hold a different view similar to that of Mr. Chief Justice Castille.

**Id**., at 355. Justice Saylor further indicated that he agreed with Chief Justice Castille's opinion that "assessment of whether additional categories of claims will qualify is necessarily an evaluative one ...." **Id**., at 356. Thus, it appears that Justice Saylor agreed with the lead opinion that a claim that

a mandatory minimum sentence was improperly imposed based upon the record is properly classified as an illegal sentence. However, it also appears that Justice Saylor eschewed the lead opinion's explicit reasoning for this conclusion in favor of Chief Justice Castille's balancing test.

Finally, Justice Eakin wrote a concurring opinion, joined by Chief Justice Castille. This concurring opinion opined that, so long as the sentence remains within the statutory limits, it cannot be considered illegal. **See id**., at 356. As a result, Justice Eakin agreed with "Chief Justice Castille's view that this case concerns retroactivity, and the lead opinion needlessly redefined illegality …." **Id**. It is therefore clear that Justice Eakin rejected the reasoning employed in the lead opinion.

Thus, we conclude that four Justices rejected the lead opinion's application of the "bright line" test, and implicitly this Court's line of *en banc* cases that have followed such a test, and instead favored some form of balancing test when evaluating whether a sentencing claim is subject to waiver for procedural defaults. The exact contours of the balancing test are not well-defined, and may, in fact, be a source of contention even between the four Justices favoring such a test. We are therefore left to balance the interests involved based upon the circumstances of the case presently before us relative to the circumstances present in **Foster**.

Here, Spangler's first constitutional challenge asserts that Section 7508 violates the Due Process clause due to vagueness concerns. In order

to avoid due process concerns, a statute must not be vague. ***See Commonwealth v. Habay***, 934 A.2d 732, 737 (Pa. Super. 2007). "The due process standards of the Federal and Pennsylvania Constitutions are identical." ***Commonwealth v. Scott***, 878 A.2d 874, 878 n.4 (Pa. Super. 2005) (citations omitted). The void-for-vagueness doctrine "requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." ***Commonwealth v. Duda***, 923 A.2d 1138, 1147 (Pa. 2007) (citations omitted). Thus, "a penal statute must set forth a crime with sufficient definiteness that an ordinary person can understand and predict what conduct is prohibited. The law must provide reasonable standards which people can use to gauge the legality of their contemplated, future behavior." ***Habay***, 934 A.2d at 737 (citations omitted). This specificity requirement does not require a statute to "detail criminal conduct with utter precision," as these competing principles are "rooted in a rough idea of fairness." ***Id***. (citations omitted). Accordingly, "statutes may be general enough to embrace a range of human conduct as long as they speak fair warning about what behavior is unlawful." ***Id***. (citations omitted).

We conclude that since a void for vagueness challenge requires a reference to "a rough idea of fairness," it is not the sort of claim that qualifies as non-waivable under the balancing test favored by the four

concurring Justices in *Foster*. This issue is not obvious or undeniable. Nor is it capable of even administration, as different jurists can have different conceptions of fairness. Thus, we conclude that Spangler's void for vagueness challenge has been waived.

Next, Spangler argues that Section 7508 violates the equal protection clause. The equal protection clause of the Fourteenth Amendment to the Constitution of the United States provides that "like persons in like circumstances will be treated similarly." *Curtis v. Kline*, 254, 666 A.2d 265, 267 (Pa. 1995). Under an equal protection analysis, there are three recognized categories of governmental classification, each requiring a separate standard of scrutiny. *See Commonwealth v. Hilliar*, 943 A.2d 984, 996 (Pa. Super. 2008) (citation omitted). Each standard of scrutiny requires a jurist to determine whether the challenged law is related to its claimed objective. *See id*. The higher standards of scrutiny require a jurist to evaluate the importance of the claimed governmental objective. *See id*.

Under these standards, we fail to see how Spangler's equal protection claim could be termed "obvious" or "undeniable." Nor is such a claim capable of even administration, as different jurists can have different conceptions of the importance of given governmental objectives. Thus, we conclude that Spangler's equal protection challenge is waived for his failure to preserve it below.

Finally, Spangler argues that Section 7508 constitutes cruel and unusual punishment in violation of the eighth amendment. Unlike Spangler's other challenges to the constitutionality of Section 7508, his eighth amendment challenge is non-waivable. An appellant who challenges the constitutionality of his sentence of imprisonment on a claim that it violates his Eighth Amendment rights raises a legality of the sentencing claim. **See Commonwealth v. Robinson**, 82 A.3d 998, 1020 (Pa. 2013). On issues of law our scope of review is plenary and our standard of review is *de novo*. **See Commonwealth v. Bullock**, 913 A.2d 207, 212 (Pa. 2006). A punishment is cruel and unusual "only if it is so greatly disproportionate to an offense as to offend evolving standards of decency or a balanced sense of justice." **Commonwealth v. Ehrsam**, 512 A.2d 1199, 1210 (Pa. Super. 1986).

Spangler's argument consists of noting the growing consensus that mandatory sentences for non-violent drug offenders constitute a poor policy choice. **See** Appellant's Brief, at 23-25. However, even accepting this proposition at face value, it is far from establishing that the mandatory seven-year sentence at issue here offends evolving standards of decency or a balanced sense of justice. The trial court imposed the minimum seven-year sentence after Spangler pled guilty to 38 crimes. We do not find a seven-year sentence to be a grossly disproportionate consequence for the commission of 38 crimes.

As we conclude that none of Spangler's issues on appeal merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judge Bowes files a concurring memorandum.

Judge Platt concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/2/2014