J-A02002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SEAN SULLIVAN | |
| Appellant | No. 1905 EDA 2013 |

Appeal from the Judgment of Sentence May 10, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014636-2011

BEFORE: PANELLA, J., LAZARUS, J., and WECHT, J.

MEMORANDUM BY PANELLA, J. **FILED APRIL 17, 2015**

Appellant, Sean Sullivan, appeals from the judgment of sentence entered May 10, 2013, by the Honorable Jeffrey P. Minehart, Court of Common Pleas of Philadelphia County, following his conviction of murder in the third degree and related offenses. We affirm.

On June 21, 2011, while incarcerated for murder at the Curran-Fromhold Correctional Facility, Sullivan got into a dispute with the inmates in Cell 15, Aaron Young and Richard Gyton. Sullivan threatened to settle the dispute later that night. Sullivan began to recruit co-conspirators, including co-defendant Donte Jones, to assist him. Later that day, Sullivan, Jones and two other inmates went to Cell 15. Sullivan had an improvised knife sticking out of his pants. Prison guards ultimately dispersed the group.

Over the next hour, Sullivan and his friends huddled together in the prison yard, while the Cell 15 inmates played basketball and then returned to their cell. A few minutes later, a fight broke out among inmates waiting to use the phone. Taking advantage of the confusion, Sullivan and two of his cohorts ran to Cell 15 and stabbed Gyton and Young multiple times with the improvised knives. A friend of Gyton and Young heard the screams and ran towards their cell, where one of Sullivan's friends attacked him. Sullivan and company ran towards the day room, where they ambushed another prisoner, Earl Bostic, stabbing him nine times and killing him. Authorities later recovered Sullivan's DNA on one of the weapons used to kill Bostic.

Following a bench trial, the trial court convicted Sullivan of murder in the third degree, conspiracy to commit homicide, possession of an instrument of crime, possession of a prohibited offensive weapon, and aggravated assault. The trial court acquitted Sullivan of various charges stemming from the assaults on the other inmates. On May 10, 2013, based upon Sullivan's prior murder conviction, the trial court sentenced him to a second mandatory life sentence for murder in the third degree, with concurrent sentences on the remaining charges. This timely appeal followed.

Sullivan first contends that the trial court erred when it permitted the Commonwealth to improperly bolster the credibility of inmate Richard Gyton, who was stabbed by Sullivan in the prison melee. Prior to trial, Gyton gave a statement to police from his hospital bed, in which he implicated Sullivan

in the stabbing of Bostic. At trial, Gyton testified, contrary to his prior statement, that he did not see who stabbed Bostic. Although Guyton claimed that he was under the influence of medication at the time the prior statement was made, Detective Burke testified on cross-examination that "[Gyton] spoke clearly. He understood what I was asking him. He was very forthcoming." N.T., Trial, 2/28/13 at 69.

Preliminarily, we note that our review of the trial transcript reveals defense counsel did not raise a contemporaneous objection to Detective Burke's allegedly improper testimony. On this basis, we find Sullivan's claim waived. *See Commonwealth v. May*, 584 Pa. 640, 887 A.2d 750, 761 (2005) (holding that the "absence of a contemporaneous objection renders" an appellant's claims waived); Pa.R.E. 103. Although Sullivan asserts that the trial court permitted Detective Burke to testify over counsel's objection, the record does not reveal an objection was lodged contemporaneous to the detective's testimony; nor does Sullivan provide a citation to support his claim.[1]

_____

[1] Several witnesses after Detective Burke testified, defense counsel belatedly raised an objection on the grounds that "the last three witnesses were improper bolstering and vouching for the credibility of Commonwealth witnesses." N.T., Jury Trial, 2/28/13 at 86. This general objection was neither timely nor specific. *See Commonwealth v. Williams*, 91 A.3d 240, 252 (Pa. Super. 2014) ("[T]o preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings.").

Nonetheless, even if we were to examine this claim, we would not grant relief. Pursuant to Pennsylvania Rule of Evidence 701, Opinion Testimony by Lay Witness, lay witness testimony in the form of an opinion is limited to one that is:

(a) rationally based on the witness's perception

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Pa.R.E. 701. "A lay person may testify to distinct facts observed by him concerning the apparent physical condition or appearance of another." *Commonwealth v. Counterman*, 719 A.2d 284, 301 (Pa. 1998) (citation omitted). In *Commonwealth v. Boczkowski*, 846 A.2d 75 (Pa. 2004), the Supreme Court affirmed the admissibility of opinion testimony as to Defendant's "serious" manner as "opinion on a matter falling within the realm of common knowledge, experience or understanding." *Id*., at 97.

We would find that it was properly within the trial court's sound discretion to admit testimony that Gyton was clear and forthcoming as falling within the realm of common knowledge, experience and understanding. Clearly, Detective Burke's testimony as to Gyton's demeanor during questioning was based upon his personal observation. More importantly, we do not find Detective Burke's characterization impermissibly intruded upon the duty of the jury to determine credibility of witnesses, but rather provided relevant context to Gyton's state of mind and demeanor at

the time he gave his prior statement. Therefore, Sullivan's allegation of error would merit no relief.

Appellant next argues that the verdicts were against the weight of the evidence. We note that

> [t]he finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses.
>
> As an appellate court we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breach, temporarily and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.
>
> Furthermore, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Boyd***, 73 A.3d 1269, 1274-75 (Pa. Super. 2013) (citations and internal quotation marks omitted).

We find no abuse of discretion by the trial court in determining that the verdicts were not against the weight of the evidence. The record fully supports the trial court's determinations, and the court acted well-within its discretion to credit the consistent testimony of the Commonwealth's

witnesses and not Sullivan. *See Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa. Super. 2003) ("[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence."). Thus, we find this claim to be without merit.

Lastly, Sullivan argues that the evidence was insufficient to support his conviction of third-degree murder. We review a challenge to the sufficiency of the evidence as follows:

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

> However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and

speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

***Commonwealth v. Slocum***, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

Sullivan argues that his conviction for third-degree murder was insufficient as the Commonwealth failed to establish that he acted with the requisite malice. Third-degree murder is defined as all other murders that are not first or second-degree murder:

> Third degree murder occurs when a person commits a killing which is neither intentional nor committed during the perpetration of a felony, but contains the requisite malice. Malice is not merely ill-will but, rather, wickedness of disposition, hardness of heart, recklessness of consequences, and a mind regardless of social duty. Malice may be inferred from the use of a deadly weapon on a vital part of the victim's body. Further, malice may be inferred after considering the totality of the circumstances.

***Commonwealth v. Garland***, 63 A.3d 339, 345 (Pa. Super. 2013) (citation omitted).

Sullivan contends that the evidence suggested that the decedent, Bostic, was the "aggressor or a consensual combatant in the violent chaos ensuing in C Block." Appellant's Brief at 22. Sullivan suggests that he was merely acting "with the belief that it was every man for himself and reacting to the violence all around him." ***Id***. Sullivan's argument is unavailing. As the trial court aptly noted, "[t]he evidence showed that [Sullivan] repeatedly stabbed Mr. Bostic in the mid-section with a sharp object." Trial Court Opinion, 4/25/14 at 5 (unnumbered). The record simply does not support

Sullivan's assertion that he attempted to retreat from the ensuing violence—but instead indicates that he repeatedly stabbed an otherwise defenseless victim. It was certainly reasonable for the jury to conclude that repeatedly stabbing the decedent in the mid-section constituted, at a very minimum, extreme recklessness of consequences such that sufficient evidence of malice existed to support Sullivan's conviction of third-degree murder.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/2015