J-S54019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GENEVA GADSON | |
| Appellant | No. 3177 EDA 2014 |

Appeal from the Judgment of Sentence October 20, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001758-2013

BEFORE:  BOWES, J., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.               **FILED SEPTEMBER 23, 2015**

Appellant, Geneva Gadson, appeals from the judgment of sentence entered on October 20, 2014, by the Honorable Giovanni O. Campbell, Court of Common Pleas of Philadelphia County.  We affirm.

Following a bench trial, Gadson was convicted of aggravated assault,[1] conspiracy,[2] possession of an instrument of a crime,[3] simple assault,[4] and recklessly endangering another person.[5]  On October 20, 2014, the trial court sentenced Gadson to an aggregate term of five years of probation. This timely appeal followed.

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 2702.
[2] 18 Pa.C.S.A. § 903.
[3] 18 Pa.C.S.A. § 907.
[4] 18 Pa.C.S.A. § 2701.
[5] 18 Pa.C.S.A. § 2705.

Gadson now argues that her convictions were against the weight of the evidence. We note that "a weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing." ***Commonwealth v. Thomson***, 93 A.3d 478, 490 (Pa. Super. 2014) (citing Pa.R.Crim.P. 607). Failure to do so will result in waiver of the claim on appeal. ***See id***.

Here, Gadson failed to raise a challenge to the weight of the evidence to support her conviction either at sentencing or in a post-sentence motion. Therefore, this claim is waived. ***See Thomson***.

Even if Gadson had properly preserved her weight of the evidence claim, we would not have granted her requested relief because we agree with the trial court's reasoning in determining that the verdict was not against the weight of evidence. We note that:

> [t]he finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses.
>
> As an appellate court we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breach, temporarily and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience."
>
> Furthermore, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the

underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Boyd***, 73 A.3d 1269, 1274-75 (Pa. Super. 2013) (quoting ***Commonwealth v. Cruz***, 919 A.2d 279, 281-82 (Pa. Super. 2007)).

The trial court explained its reasons for rejecting Gadson's weight of the evidence claim as follows:

Here, the testimony of Mr. and Ms. Thomas was credible as to Defendant's conduct; Defendant's denials were not. There was ample evidence of Defendant's guilt. The verdict was not at all contrary to the evidence and our sense of justice is not in any way shocked by the verdict.

Trial Court Opinion, 3/18/15 at 4.

Upon review, we find no abuse of discretion by the trial court in determining that the verdict was not against the weight of evidence. The record supports the trial court's determinations, and Judge Campbell acted well within his discretion to credit the consistent testimony of the Commonwealth's witnesses and not Gadson's testimony. ***See Commonwealth v. Bullick***, 830 A.2d 998, 1000 (Pa. Super. 2003) ("[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence."). Thus, we find this claim to be without merit.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2015