**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY JOHNSTONE, | |
| Appellant | No. 1181 EDA 2013 |

Appeal from the Judgment of Sentence March 20, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011422-2012

BEFORE:  BOWES, SHOGAN and FITZGERALD,* JJ.

DISSENTING MEMORANDUM BY BOWES, J.:  **FILED SEPTEMBER 28, 2015**

I respectfully dissent from the learned Majority's resolution of the sentencing issue raised herein.  None of the cases relied upon by the majority suggests that a trial court may not rely upon the contents of a pre-sentence investigation report ("PSI") in determining whether a defendant has a prior crime of violence for purposes of application of § 9714, which, in pertinent part, applies a mandatory minimum sentence of ten years imprisonment when the defendant has been convicted of one prior crime of violence.

The PSI herein reported that Appellant had a prior conviction for robbery graded as a first-degree felony, which is a prior crime of violence under § 9714.  Defense counsel was asked at sentencing if he had received the PSI, he said that he had, and defense counsel did not offer any

---

* Former Justice specially assigned to the Superior Court.

corrections to that document. N.T Sentencing, 3/20/13, at 2. The court specifically articulated that, in determining that Appellant had a prior crime of violence, it relied upon the PSI as well as the docket sheet of the case in question.

In **Commonwealth v. Boyd**, 73 A.3d 1269 (Pa.Super. 2013), the defendant averred that there was no evidentiary basis for imposition of a fine under 42 Pa.C.S. § 9726(c). That provision states, "The court shall not sentence a defendant to pay a fine unless it appears of record that: (1) the defendant is or will be able to pay the fine; and (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime." We recognized that the issue pertained to the legality of the defendant's sentence and could not be waived. We then ruled that the PSI provided a sufficient evidentiary basis for the trial court's conclusion that the defendant had the ability to pay the fine since the PSI outlined the defendant's financial resources. Herein, the PSI set forth that Appellant had a conviction for a first-degree robbery, and it provided a sufficient evidentiary basis for application of § 9714.

Additionally, the docket sheets of criminal action numbers are publicly available. My review of the pertinent docket sheet establishes that, Appellant pled guilty to robbery, two counts of burglary, and two counts of possession of an instrument of crime. Two aggravated assault charges and one count each of simple assault and reckless endangerment, among many

other offenses, were *nol prossed*. Thus, the public docket sheet, especially given that Appellant possessed an instrument of crime, supports that Appellant did commit a first-degree felony robbery. 18 Pa.C.S. § 3701 (a)(i-iii),(b)(1) (A first degree felony robbery is committed when a person, in the course of committing a theft "(i) inflicts serious bodily injury upon another; (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury; [or] (iii) commits or threatens immediately to commit any felony of the first or second degree[.])"

Finally, Appellant failed to avail himself at sentencing of the provisions of § 9714(d), which specifically permits a defendant to challenge the accuracy of the record of his prior convictions and demand that a hearing be scheduled in order to determine if he committed a prior crime of violence, as defined in § 9714. 42 Pa.C.S. § 9714 (b) ("If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender.") Instead, Appellant made no corrections to the accuracy of the PSI, which he acknowledged receiving and which outlined that he had a first-degree felony robbery conviction. Additionally, Appellant made no comment when the Commonwealth stated that this case involved a second strike, when the trial court confirmed that this aggravated assault was a second strike, and when the court indicated, "my hands are tied with the mandatory

sentence. I'm sure you're aware of that from your previous convictions." N.T. Sentencing, 3/20/13, at 1, 2, 8.

While I agree that one cannot waive the right to contest application of a mandatory minimum, the mandatory minimum herein was correctly applied. Appellant waived the right to argue the adequacy of the evidentiary support for application of the mandatory minimum by not invoking the procedure in § 9714(d), by failing to challenge the accuracy of the PSI, and by failing to object to the three record instances when the second strike law was invoked. The majority's position is unsupported by the case law, and elevates form over substance.

Hence, I respectfully dissent.