**[J-37-2019] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 46 MAP 2018 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court at No. 620 MDA 2017 dated |
| | : | November 30, 2017, reconsideration |
| v. | : | denied February 9, 2018, Reversing |
| | : | the PCRA order of the Lancaster |
| | : | County Court of Common Pleas, |
| CHRISTIAN LEE FORD, | : | Criminal Division, at Nos. CP-36-CR- |
| | : | 0001443-2016, CP-36-CR-0001496- |
| Appellee | : | 2016, and CP-36-CR-0002530-2016 |
| | : | dated March 10, 2017 and remanding. |
| | : | |
| | : | SUBMITTED: March 18, 2019 |

**DISSENTING OPINION**

**JUSTICE MUNDY**                    **DECIDED: September 26, 2019**

The Sentencing Code prohibits a court from imposing a fine unless it appears of record that the defendant is or will be able to pay the fine. 42 Pa.C.S. § 9726(c). The majority finds that defendant's agreement to pay a specific fine as part of a negotiated guilty plea is insufficient evidence of ability to pay and concludes that Ford's sentence is illegal. Majority Opinion at 1. I respectfully disagree. Rather, I would find that a defendant's express agreement to pay a specific fine as part of a negotiated plea bargain satisfies the requirements of Section 9726(c). Therefore, I dissent.

The majority summarily concludes that Ford's claim implicates the legality of sentence, but the answer to this question is much more nuanced. It is well-settled that a claim asserting a sentence exceeds the lawful maximum implicates the legality of sentence. *See Commonwealth v. Foster*, 17 A.3d 332, 336 (Pa. 2011) (plurality) (citing

1

*Commonwealth v. Shiffler*, 879 A.2d 185 (Pa. 2005)). Beyond this, however, the law remains unsettled.

In *Foster,* this Court addressed whether a request to vacate a mandatory minimum sentence constituted a non-waivable challenge to the legality of the sentence. We unanimously agreed that vacation of Foster's sentence was proper, but failed to announce any binding rationale in terms of deciding whether a claim implicates legality of sentence. The Opinion Announcing the Judgment of the Court ("OAJC") concluded that legality of sentence is implicated where "a sentencing court's inherent, discretionary authority to wield its statutorily prescribed sentencing powers is supplanted, abrogated, or otherwise limited, or the legislature's intent in fashioning a sentence has been potentially misapplied." *Id.* at 344-45. Under this rationale, the OAJC held that "where a sentencing court is required to impose a mandatory minimum sentence, and that mandatory minimum sentence affects a trial court's traditional sentencing authority or the [legislature's] intent in fashioning punishment for criminal conduct, a defendant's challenge thereto sounds in legality of sentence and is therefore nonwaivable." *Id.* at 345.

In *Commonwealth v. Boyd*, 73 A.3d 1269 (Pa. Super. 2013) (en banc), the Superior Court applied *Foster* to a claim much like the one at issue here. There, the Superior Court addressed "whether a claim that the sentencing court failed to consider the defendant's ability to pay before imposing fines, in contravention of [Section 9726(c)], must be raised before the sentencing court in order to be preserved for appellate review." *Id.* at 1270. Applying the plurality's rationale in *Foster*, the court found that such a claim arguably implicates the legality of sentence as it "clearly limits the sentencing court's power to impose fines[.]" *Id.* at 1272. Although the court determined the claim implicated legality of sentence, it nonetheless denied relief because there was information in the record indicating an ability to pay. *Id.* at 1274.

2

Thus, based on both *Foster* and *Boyd*, I find it subject to debate whether Ford's sentence implicates the legality of sentence.[1] However, even assuming it does, I find the instant sentence permissible. Ford was charged with several offenses arising from three separate criminal cases. He subsequently entered a negotiated guilty plea that collectively disposed of these cases. The terms of Ford's plea agreement included non-mandatory fines for three offenses. Ford discussed the terms of the agreement with his attorney and also reviewed and signed a written guilty plea colloquy detailing the same. *See* N.T., 6/23/16, at 5, 8-9; Guilty Plea Colloquy and Post-Sentence Rights; Plea Agreement. The court then conducted an oral colloquy reiterating the terms of the agreement before ultimately accepting the plea and sentencing Ford in accordance with the negotiations. *See* N.T., 6/23/16, at 4-15. The docket sheet for this case further directed the Probation and Parole Services Collections Enforcement Unit to establish an installment plan for the repayment of fines and costs. *See* Docket Sheet, CP-36-CR-0001443-2016, at 3.

In the context of a negotiated guilty plea, Ford's approval of the fines effectively certified his ability to pay. Ford discussed the terms of the plea with his attorney, completed a written guilty plea colloquy, and was also colloquied by the court on the

---

[1] Although this Court in *Commonwealth v. Barnes*, 151 A.3d 121, 127 (Pa. 2016), adopted the lead opinion in *Foster, Barnes* involved whether a mandatory minimum sentence that violated *Alleyne v. United States*, 570 U.S. 99 (2013), constituted a non-waivable challenge to the legality of sentencing. *Barnes*, 151 A.3d at 127 ("Accordingly, we hereby adopt the lead opinion in *Foster* and definitively hold that where the mandatory minimum sentencing authority on which the sentencing court relied is rendered void on its face, and no separate mandatory authority supported the sentence, any sentence entered under such purported authority is an illegal sentence for issue preservation purposes on direct appeal. Thus, Appellant is entitled to resentencing notwithstanding his failure to preserve his issue prior to seeking our review."). Accordingly, the issue of whether Ford's claim in this case implicates legality of sentencing was not definitively decided by *Foster* or *Barnes*.

3

record. He repeatedly agreed to the terms of the plea and never expressed concern regarding his ability to satisfy the fines. *See* N.T., 6/23/16, at 8. Ford's agreement to pay the fines is, in and of itself, suggestive of ability to pay considering Ford was in the best position to assess whether he could uphold the very obligations for which he bargained. Moreover, the court's directing the creation of a payment plan evidences at least a minimal inquiry into Ford's ability to pay, which would then be reflected in his recurring payments. It therefore "appears of record" that Ford possessed the ability to pay the fines. Accordingly, the court was not obligated to make any additional inquiry. 42 Pa.C.S. § 9726(c). Indeed, as the majority recognizes, the statute "does not necessarily require testimonial evidence." Majority Opinion at 11, n.12.

The majority rejects the idea that a defendant's agreement to pay a fine reflects his ability to pay. It reasons that "when the Commonwealth extends a plea offer that includes a short prison sentence and an exorbitant fine, a rational defendant might ‒ either out of shortsightedness or naïve optimism ‒ gladly accept the offer even though he or she has no realistic strategy to satisfy the debt." Majority Opinion at 8-9. This assumption is wholly immaterial to discerning the plain language of the statute. I also profoundly disagree with the notion that a defendant's misrepresentations while under oath may supply a basis to receive an alternative sentence. Ford knowingly and voluntarily agreed to the terms of the negotiated plea agreement and received the benefit of his bargain. He should not be permitted to renege due to post-decisional regret disguised as a challenge to the legality of his sentence. Therefore, I respectfully dissent.