J-S04033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SANTIAGO SALGADO-OCHOA | : | |
| | : | |
| Appellant | : | No. 192 EDA 2023 |

Appeal from the Judgment of Sentence Entered November 18, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001494-2021

BEFORE: BOWES, J., STABILE, J., and LANE, J.

JUDGEMENT ORDER BY LANE, J.: **FILED APRIL 23, 2024**

Santiago Salgado-Ochoa ("Salgado-Ochoa") appeals from the judgment of sentence imposed following his convictions for indecent exposure, corruption of minors, and false imprisonment.[1] Additionally, Salgado-Ochoa's counsel has filed an application to withdraw and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) raising, *inter alia*, a claim that the judgment was against the weight of the evidence. We remand.

It is well-settled that

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder and is free to believe all, part, or none of the evidence presented and determine the credibility of the witnesses.
>
> As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. . . . [A]n

---

[1] 18 Pa.C.S.A §§ 3127(a), 6301(a)(1)(ii), 2903(b).

appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

**Commonwealth v. Boyd**, 73 A.3d 1269, 1274-75 (Pa. Super. 2013) (*en banc*) (citation omitted).

Instantly, the trial court denied Salgado-Ochoa's post-sentence motion challenging the sufficiency and weight of the evidence without providing an explanation for its decision. **See** Order, 12/12/22, at 1. The trial court's Pa.R.A.P. 1925(a) opinion consists only of the factual and procedural background, declining to provide any further analysis based on counsel's Rule 1925(c)(4) statement. **See** Trial Court Opinion, 6/30/23, at 1-2. However, because the trial court did not provide any analysis or explanation for its decision to deny Salgado-Ochoa's weight of the evidence challenge we are unable to review that ruling. Thus, we remand this matter to the trial court for it to prepare a supplemental Rule 1925(a) opinion addressing and analyzing Salgado-Ochoa's weight of the evidence claim within twenty days of the date of this Judgment Order.

Case remanded with instructions. Jurisdiction retained.