J-S07039-26

2026 PA Super 99

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH BAMBAM GAITHER | : | |
| | : | |
| Appellant | : | No. 285 MDA 2025 |

Appeal from the Judgment of Sentence Entered January 30, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005734-2022

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

OPINION BY BENDER, P.J.E.: **FILED: MAY 14, 2026**

Keith Bambam Gaither ("Appellant") appeals from the judgment of sentence of a $300 fine imposed following his non-jury trial convictions for two counts of summary harassment.  We vacate Appellant's judgment of sentence and remand for further proceedings.

While Appellant initially raised a sufficiency of the evidence challenge, he has abandoned that claim on appeal.  We therefore only briefly summarize the facts underlying his convictions.  Appellant and his wife were long-term occupants of a Motel 6, as were Daniel Goodnough, Goodnough's fiancée Kacy Bitner, and their son, C.B.  In the weeks leading up to the harassment incident, "[t]here had been an ongoing period of strife between the parties[.]"  Trial Court Opinion, 8/1/25, at 4.  On October 22, 2024, Bitner overheard Appellant "speaking to a downstairs neighbor [and] making threats to kill ... Bitner, ...

Goodnough, C.B., and ... Bitner's dog." *Id.* at 5. Bitner began recording Appellant, who noticed Bitner and "backed [her] up against the railing" and threatened her. *Id.* A third party intervened, and, in the ensuing melee, Appellant threw punches at Goodnough and Bitner. *Id.*

The Commonwealth charged Appellant with two counts of simple assault and two counts of summary harassment, with Goodnough and Bitner named as the respective victims. The Commonwealth later withdrew the simple assault charges, and the trial court held a bench trial on the summary offenses. The trial court opined that there was animosity between the parties but "agree[d] with the Commonwealth that [Appellant] ... went a little bit too far," specifically by "continuing to punch the victims after they were already on the ground[.]" N.T. 1/30/25, at 54. The parties opted to proceed immediately to sentencing, and the trial court imposed a fine of $150 at each conviction plus costs of prosecution.

Appellant filed a timely notice of appeal and complied with the trial court's order to file a Rule 1925(b) statement, focusing, as previously stated, on the sufficiency of the evidence supporting the convictions. Appellant now raises an alternative issue on appeal concerning a non-waivable challenge to his sentence: "Did the lower court violate 42 Pa.C.S. § 9726(c) and thus craft an illegal sentence by imposing $300 in discretionary fines without evidence that [Appellant] could afford to pay them?" Appellant's Brief at 4. Appellant requests that we simply "vacate these fines." *Id.* at 12. The Commonwealth filed a letter conceding that the trial court erred but pointed out that "the

proper remedy is for a remand" to hold a hearing on Appellant's ability to pay. Letter, 1/13/26.

The Commonwealth's agreement with Appellant is not dispositive as this Court is duty-bound to determine whether the trial court did, in fact, commit legal error. *See Commonwealth v. Brown*, 196 A.3d 130, 147 (Pa. 2018) (setting forth general rule that appellate courts "refuse[] to act on concessions of error without conducting appropriate judicial review"). As explained *infra*, this issue pertains to the legality of sentence, and, upon review, we agree with the parties that the sentence is illegal. We therefore remand for further proceedings consistent with this memorandum.

Appellant was convicted of two counts of harassment, 18 Pa.C.S. § 2709(a)(1). Subject to an exception not applicable here, "an offense under subsection (a)(1) … shall constitute a summary offense." *Id.* (c)(1). Section 2709 does not contain any penalty provisions, and thus the default provisions apply. Section 9721 of the Sentencing Code instructs the trial court to "consider and select one or more of the following alternatives" as the appropriate punitive sanction, one of which is a fine. 42 Pa.C.S. § 9721(a)(5). In turn, subsection (b) provides the general standards for "selecting from the alternatives set forth in subsection (a)[.]" *Id.* § 9721(b).

Additionally, Section 9726 explicitly corroborates that a fine alone is an authorized punishment. 42 Pa.C.S. § 9726(a) ("The court may, as authorized by law, sentence the defendant only to pay a fine, when, having regard to the nature and circumstances of the crime and to the history and character of the

defendant, it is of the opinion that the fine alone suffices."). A trial court may impose "a fine not exceeding ... $300, when the conviction is of a summary offense for which no higher fine is established." 18 Pa.C.S. § 1101(7). Because the harassment does not require a mandatory fine and does not establish a higher amount, the trial court's authority to impose a fine was discretionary. Here, the trial court used that discretion to select a fine as the appropriate punishment, and imposed half of the maximum fine at each count.

While the foregoing language is all presented in terms of a trial court's discretion, and would therefore normally require Appellant to raise and preserve this issue at the trial court level, Section 9726 imposes a critical legal limitation on that discretion:

> The court shall not sentence a defendant to pay a fine unless it appears of record that:
>
> (1) the defendant is or will be able to pay the fine; and
>
> (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime.

42 Pa.C.S. § 9726(c).

In **Commonwealth v. Boyd**, 73 A.3d 1269, 1273-74 (Pa. Super. 2013) (*en banc*), we held that Section 9726(c) "requires that it be 'of record' that the defendant can pay discretionary fines.[1] Therefore, an argument that there was no evidence of the defendant's ability to pay constitutes a claim that the

---

[1] This statute does not apply to mandatory fines. **See Commonwealth v. May**, 271 A.3d 475, 481 (Pa. Super. 2022) (holding that "[Section] 9726(c) does not apply to mandatory fines").

fine was imposed in direct contravention of a statute." ***Id.*** Thus, whether the record supports a finding that Appellant had ability to pay implicates the legality of Appellant's sentence.[2]

We agree that there is a "complete absence of evidence of [Appellant's] ability to pay" and the sentence is therefore illegal. ***Id.*** The ***Boyd*** Court made clear that the statute "does not require the sentencing court to credit any specific testimony. Nor does it require that the sentencing court hold a hearing on the issue." ***Id.*** at 1274. Thus, in ***Boyd***, a pre-sentence report which "contain[ed] significant information regarding Boyd's educational history, employment history, and existing assets … provided the sentencing court with an evidentiary basis upon which to impose a fine." ***Id.*** Here, since the court did not order a pre-sentence investigation there is no comparable record evidence. The only support regarding his ability to pay would be by implication, *e.g.* the fact that Appellant had been represented by private counsel at trial. As the record must support a finding of an ability to pay, we

---

[2] The ***Boyd*** Court reached this conclusion by applying the lead opinion in ***Commonwealth v. Foster***, 17 A.3d 332 (Pa. 2011) (OAJC). Subsequently, our Supreme Court adopted the ***Foster*** lead opinion in ***Commonwealth v. Barnes***, 151 A.3d 121, 125 (Pa. 2016). Therefore, "pursuant to ***Barnes***, we now recognize, in relevant part, a claim that a sentence was 'imposed without the fulfillment of statutory preconditions to the court's sentencing authority' as a challenge to the legality of a sentence." ***Commonwealth v. Seals***, ___ A.3d ___, 2026 WL 739101 at *10 (Pa. Super. filed Feb. 17, 2026).

do not find that an "implicit" finding is warranted.[3] **See also Commonwealth v. Ford**, 217 A.3d 824, 827 (Pa. 2019) (holding that agreement to pay fine as part of plea agreement does not constitute adequate factual support for ability to pay fine).

Finally, we decline to simply vacate the fines without further proceedings as suggested by Appellant. If Appellant is able to pay the fines, his sentence is legal.

Judgment of sentence vacated. Case remanded for resentencing on fines. Jurisdiction relinquished.
Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/14/2026

---

[3] To the extent the employment of a private attorney would tend to support an implicit finding Appellant could pay the $300 fine, we note that Appellant is now represented by the York County Public Defender's Office and that Appellant was granted *in forma pauperis* status for purposes of appeal. **See** Order, 5/23/25. Additionally, before the bench trial Appellant requested continuances to obtain counsel, and he represented at one of these hearings that he had recently "just got out of being out of the homeless status" and was focused on "get[ting] my kids from being homeless." N.T., 3/27/23, at 2.