J-A16042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICK LAVAR CANNON | : | |
| | : | |
| Appellant | : | No. 97 MDA 2021 |

Appeal from the PCRA Order Entered January 13, 2021
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000559-2014

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: August 13, 2021**

Appellant Rick Lavar Cannon appeals from the order entered by the Court of Common Pleas of Lebanon County denying Appellant's petition pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Appellant claims his trial counsel was ineffective in advising him to enter a nonrevocable guilty plea and failing to present Appellant's polygraph results to the prosecutor and the lower court.  In addition, Appellant argues that the lower court erred in allowing him to enter his guilty plea and in imposing fines without considering his financial resources.  We affirm.

This Court previously summarized the factual background and procedural history of this case as follows:

> On March 14, 2014, Appellant and two co-conspirators robbed and shot two victims,[FN1] fled from police, and, after a high-speed

---

[*] Former Justice specially assigned to the Superior Court.

chase, were apprehended in unlawful possession of cocaine and firearms. Appellant was charged with numerous crimes, including homicide. On July 2, 2015, Appellant entered into the following negotiated guilty plea: "The plea deal is for 50 to 100 years and he must cooperate as necessary with the District Attorney's Office regarding the two codefendants...."[FN2] N.T., 7/2/2015, at 3. Furthermore, Appellant agreed that the plea was irrevocable. *Id.* at 12.

> FN1:  One of the victims, Marcus Antonio Ortiz, died as a result of his wounds; the other, Keith Crawford, survived.

> FN2: In its opinion, the trial court indicated that Appellant's coconspirators were convicted of 1st and 2nd degree murder in October 2015.  It does not mention whether Appellant was called to testify in that trial.

*Commonwealth v. Cannon*, 1680 MDA 2015, 2017 WL 2423120, at *1 (Pa. Super. June 5, 2017) (unpublished memorandum).

At Appellant's sentencing hearing on August 26, 2015, Appellant made an oral motion to withdraw his guilty plea, asserting that trial counsel had coerced him into entering his irrevocable guilty plea.  The trial court denied the motion and sentenced Appellant to 50 – 100 years' imprisonment pursuant to the terms of the plea agreement.  N.T., 8/26/2015, at 5.  In addition, the trial court imposed multiple fines on Appellant's convictions, leading to an aggregate fine of $5,000.  Sentencing order, 8/26/15, at i-iii.

On September 21, 2015, Appellant filed a timely appeal, claiming the trial court erred in denying his motion to withdraw his guilty plea before sentencing.  On June 5, 2017, this Court affirmed the judgment of sentence and concluded that the trial court did not abuse its discretion in refusing to allow Appellant to withdraw his guilty plea.  Specifically, this Court found the

- 2 -

evidence before the trial court did not support the reasons offered by Appellant to withdraw his plea:

> [o]ur review of the record shows that Appellant repeatedly acknowledged that the agreement included the term that he could not revoke his plea for any reason. N.T., 7/2/2015, at 4–5, 11–12. Moreover, the transcript confirms that, before Appellant entered his plea, he stated under oath that he was satisfied with Attorney Judd and her representation, and answered in the negative when the court asked him if he had any questions. ***Id.*** at 13. Appellant then indicated that he wished to plead guilty, and the trial court found that Appellant's decision was "freely, voluntarily, and intelligently made, and that [he] had the advice of a competent attorney with whom [he was] satisfied." ***Id.*** at 14.
>
> Under these circumstances, the trial court acted within its discretion in rejecting Appellant's implausible claim of coercion and denying his motion to withdraw the guilty plea. ***See***, ***e.g.***, ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1293 (Pa. 2015) (holding trial court acted within its discretion to deny an implausible claim of innocence raised for the first time at the sentencing hearing).

***Cannon***, No. 1680 MDA 2015, 2017 WL 2423120, at *3. On May 30, 2018, the Supreme Court denied Appellant's petition for allowance of appeal.

On July 27, 2018, Appellant filed a *pro se* PCRA petition. After counsel was appointed, Appellant filed various *pro se* petitions and changed counsel multiple times. On October 7, 2020, Attorney Eggert filed an amended petition and on November 12, 2020, filed a second amended petition. On December 22, 2020, the PCRA court dismissed Appellant's petition.[1] On January 21, 2021, Appellant filed a timely appeal.

---

[1] Appellant did not challenge the trial court's decision to deny his PCRA petition without a hearing or its failure to notify Appellant that it intended to deny his petition without a hearing pursuant to Pa.R.Crim.P. 907.

- 3 -

Appellant raises ten issues for our review on appeal:

1. Did the Trial Court err in ruling that trial counsel was not ineffective for coercing and unduly pressuring [Appellant] into pleading guilty?

2. Did the Trial Court err in ruling that trial counsel was not ineffective for allowing [Appellant] to enter a guilty plea that was not knowing, intelligent, and voluntary?

3. Did the Trial Court err in ruling that trial counsel was not ineffective for allowing [Appellant] to accept an "irrevocable plea"?

4. Did the Trial Court err in ruling that trial counsel was not ineffective for submitting a Guilty Plea Colloquy that she did not adequately review with [Appellant]?

5. Did the Trial Court abuse its discretion in accepting an irrevocable plea?

6. Did the Trial Court violate [Appellant's] rights as guaranteed by the Pennsylvania and United States Constitutions, the Pennsylvania Rules of Criminal Procedure, and Pennsylvania case law by refusing to allow [Appellant] to withdraw his guilty plea?

7. Did the Trial Court abuse its discretion in accepting a plea that was not knowing, intelligent, and voluntary, and did the Court fail to set forth the factual basis for [Appellant's] charges at the time [Appellant] entered his plea of guilty?

8. Did the Trial Court abuse its discretion in finding that [Appellant] entered a plea of guilty without any admission of guilt by [Appellant]?

9. Did the Trial Court err in ruling that trial counsel was not ineffective for failing to present [Appellant's] polygraph results to the District Attorney and to the Court, which would have confirmed [Appellant's] innocence? Appellant's Brief, at 6-7.

10. Did the trial court issue an illegal sentence by failing to consider the financial resources of [Appellant] and the nature of the burden that the payment would impose when it sentenced [Appellant] to pay numerous fines, as required by 42 Pa.C.S. § 9726(d)?

Appellant's Brief, at 6-8 (reordered and renumbered for ease of review).

In reviewing the denial of a PCRA petition, our standard of review is well-established:

> [o]ur review of the grant or denial of PCRA relief is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. **Commonwealth v. Cox**, 636 Pa. 603, 146 A.3d 221, 226 n.9 (2016). The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions. **Commonwealth v. Burton**, 638 Pa. 687, 158 A.3d 618, 627 n.13 (2017).

**Commonwealth v. Small**, 647 Pa. 423, 440–41, 189 A.3d 961, 971 (2018).

Appellant's first four issues on appeal involve his claim that trial counsel was ineffective in representing Appellant in the guilty plea process. Our review is guided by the following principles:

> [a]s originally established by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), and adopted by Pennsylvania appellate courts, counsel is presumed to have provided effective representation unless a PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error.
>
> **Commonwealth v. Wantz**, 84 A.3d 324, 331 (Pa.Super. 2014) (citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." **Commonwealth v. Daniels**, 600 Pa. 1, 963 A.2d 409, 419 (2009).

**Commonwealth v. Selenski**, 228 A.3d 8, 15 (Pa.Super. 2020).

First, Appellant claims on appeal that trial counsel coerced Appellant into taking the irrevocable plea agreement to 50-100 years' imprisonment by telling him that he would get the death penalty if he went to trial. Second, Appellant claims his plea was not knowing, intelligent, and voluntary because "had he known that he was not facing the death penalty, he would have refused a guilty plea and would have insisted on taking his case to trial." Appellant's Brief, at 23.

As an initial matter, we note Appellant did not include in his petition his allegation that trial counsel told him he would face the death penalty if he did not plead guilty. As this specific allegation was not presented to the PCRA court for review, it is waived on appeal. *See* Pa.R.A.P. 302 ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

In addition, there is no support in the record for Appellant's claim that his guilty plea was somehow coerced or was not voluntary, knowing, or intelligent. Appellant signed and initialed his guilty plea colloquy indicating that he alone had decided to plead guilty, "freely and voluntarily, without any force, threats, pressure, or intimidation." Written colloquy, at 3-4. Appellant also indicated in his written and oral colloquies he was satisfied with the representation of counsel, who had explained the meanings of the terms of the plea agreement with Appellant. Written colloquy, at 4; Notes of Testimony (N.T.), Guilty Plea Hrg., 7/2/15, at 13.

Moreover, at the guilty plea hearing, the prosecutor expressly indicated that the Commonwealth would not seek the death penalty in this case, and as a result, Appellant acknowledged that, by pleading guilty, he was avoiding a sentence of life imprisonment, not capital punishment. N.T. at 11-12. As such, Appellant's first two claims have no arguable merit.

In his third or fourth claims, Appellant asserts that trial counsel was ineffective in advising him to enter his guilty plea without sufficient time to meaningfully discuss the offer, such that Appellant did not understand the nature of the plea and the fact that it was irrevocable.

As noted above, Appellant indicated in his signed guilty plea colloquy that he was satisfied with the representation of trial counsel, who he admitted had explained the terms of the plea document. N.T. at 13. In contradiction to his claim that he did not have sufficient time to review the plea agreement, Appellant confirmed on the record that he had "ample opportunity to consult with [trial counsel] before reading [the written colloquy] and entering [his] plea of guilty." Written colloquy, at 4. Furthermore, the trial court repeatedly emphasized to Appellant that he was entering into an irrevocable guilty plea, explaining that after Appellant plead guilty, he could not revoke the plea for any reason. N.T., at 4-5, 11-12. We likewise find that Appellant's third and fourth claims have no arguable merit.

In his fifth, sixth, seventh, and eighth claims on appeal, Appellant asserts that the trial court erred in refusing to allow him to withdraw his guilty plea before sentencing. However, to be eligible for PCRA relief, a petitioner

must plead and prove that his specific claims have not been previously litigated. 42 Pa.C.S.A. § 9543(a)(3). A claim will be deemed previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right as ruled on the merits of the issue." 42 Pa.C.S.A. § 9544. As this Court held on direct appeal that the trial court did not err in denying Appellant's motion to withdraw his guilty plea, these claims are previously litigated.

To the extent that Appellant argued that his plea agreement did not set forth the factual basis for his charges, Appellant did not raise this specific ground for withdrawing his plea before the trial court. The PCRA deems an issue to be "waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544. As such, this particular claim is waived.

In his ninth claim on appeal, Appellant argues that trial counsel was ineffective in failing to present Appellant's polygraph results to the trial court and the prosecution. Appellant claims that the polygraph results would have shown his innocence. We initially noted that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]" **Commonwealth v. Prieto**, 206 A.3d 529, 533–34 (Pa.Super. 2019) (quoting **Commonwealth v. Eisenberg**, 626 Pa. 512, 98 A.3d 1268, 1275 (2014)).

Even if trial counsel had attempted to present the polygraph results before Appellant entered his irrevocable guilty plea, references to lie detector tests are inadmissible. ***Commonwealth v. Elliott***, 622 Pa. 236, 290–91, 80 A.3d 415, 448 (2013) (quoting ***Commonwealth v. Camm***, 443 Pa. 253, 277 A.2d 325, 333 (1971) (holding that "[t]he rule in Pennsylvania is that reference to a lie detector test or the result thereof which raises inferences concerning the guilt or innocence of a defendant is inadmissible")). As such, Appellant is not entitled to relief.

Lastly, Appellant claims that the trial court imposed an illegal sentence by failing to specifically inquire about Appellant's financial resources when it sentenced him to pay fines. This Court has provided that:

> [g]enerally speaking, the Pennsylvania Sentencing Code permits a trial court to impose "[a] fine" as one of several "alternatives" available "[i]n determining the sentence to be imposed." 42 Pa.C.S. §§ 9721(a)(5), 9726(a)-(b). However, the Sentencing Code also provides that "[t]he court shall not sentence a defendant to pay a fine unless it appears of record that: (1) the defendant is or will be able to pay the fine; and (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime." 42 Pa.C.S. § 9726(c).

***Commonwealth v. Snyder***, 251 A.3d 782, 796 (Pa.Super. 2021) (emphasis omitted).

Before we reach the merits of this issue, we must determine whether Appellant waived this issue by failing to present it to the trial court. This Court has held that challenges to the legality of a sentence fall within a specific class of issues that are not waived by a defendant's failure to present the argument

to the lower court. ***Commonwealth v. Boyd***, 73 A.3d 1269, 1271 (Pa.Super. 2013) (*en banc*). Moreover, a challenge to the legality of the sentence is always subject to review within the PCRA if raised in a timely PCRA petition. ***Commonwealth v. DiMatteo***, 644 Pa. 463, 481, 177 A.3d 182, 192 (2018) (citing ***Commonwealth v. Fahy***, 558 Pa. 313, 331, 737 A.2d 214, 223 (1999)).

However, it is well-established that "[i]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. *Absent such efforts, an objection to a discretionary aspect of a sentence is waived.*" ***Commonwealth v. Griffin***, 65 A.3d 932, 936 (Pa.Super. 2013) (emphasis in original) (citations omitted).

This Court has recognized in ***Boyd*** that "a claim that the trial court failed to consider the defendant's ability to pay a fine can fall into several distinct categories," which include (1) the absence of "a record of the defendant's ability to pay before the sentencing court[;]" (2) the failure of "the sentencing court [to] consider evidence of record[;]" and (3) the failure of the sentencing court "to permit the defendant to supplement the record." ***Boyd***, 73 A.3d at 1273.

This Court further explained that only the first category constitutes a non-waivable challenge to the legality of sentence when the defendant argues that there is a complete absence of any evidence regarding the defendant's ability to pay. ***Id***. at 1273-74. In contrast, this Court held that so long as

there is some evidence of record regarding the defendant's ability to pay, the second and third categories of claims involve challenges to the sentencing court's consideration of the defendant's ability to pay based on its discretionary reasoning. *Id*. at 1274. As such, this Court acknowledged that the second and third categories of claims may be waived by the defendant's failure to properly preserve the claim in the lower court.

As such, this Court found Boyd's claim that the trial court sentenced him to pay fines without an evidentiary basis fell within the first category of non-waivable challenges to the legality of sentence and thus, it was not waived by Boyd's failure to present his claim to the sentencing court. However, this Court found that there was an evidentiary basis for the trial court's imposition of fines as the trial court considered a pre-sentence investigation ("PSI") report that included significant information regarding Boyd's educational history, employment history, and existing assets. *Id*.

Likewise, in this case, Appellant argues that the trial court did not make any inquiry into his financial resources before sentencing him to pay a fine. However, Appellant fails to recognize that the trial court sentenced Appellant with the benefit of a PSI, which evaluated Appellant's educational history, employment history, and existing assets. We thus find that the PSI provided the trial court with an evidentiary basis on which to impose a fine.

To the extent that Appellant claims that the trial court did not properly consider the evidence of record regarding his ability to pay or did not allow him to present evidence on this issue, these arguments are waivable

challenges to the trial court's discretionary reasoning. At the sentencing hearing, after the trial court indicated that it had considered the PSI in imposing Appellant's sentence, which included fines, Appellant's trial counsel did not supplement the record with any additional information for the trial court to consider concerning Appellant's ability to pay. As such, these claims are waived.

For the foregoing reasons, we affirm the PCRA court's decision to deny Appellant's PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/13/2021</u>