J-S07039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| STEVEN HOWARD LUSKEY, JR. | : | |
| Appellant | : | No. 1089 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 24, 2021
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000161-2020

BEFORE: OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED: JULY 6, 2022**

Steven Howard Luskey, Jr. (Luskey) appeals from the judgment of sentence imposed in the Court of Common Pleas of Fayette County (trial court) after his jury conviction of Corruption of Minors, 18 Pa.C.S. § 6301(a)(1)(i). He argues that the verdict was against the weight of the evidence where he was acquitted of all other sexual offenses.[1] We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Specifically, he was acquitted of Rape by Forcible Compulsion, Statutory Sexual Assault, Unlawful Contact with a Minor, Aggravated Indecent Assault without Consent and Indecent Assault without Consent. **See** 18 Pa.C.S. §§ 3121(a)(1), 3122.1(b), 6318(a)(1), 3125(a)(1), 3126(a)(1).

We take the following background facts and procedural history from our independent review of the record and the trial court's October 29, 2021 opinion.

**I.**

As succinctly set forth by the trial court:

> On or about December 9, 2019, Pennsylvania State Police Troopers James Garlick and Patrick Egos responded to a criminal allegation from the parent of M.M., the minor victim. (T.T. 96). The victim and [Luskey] met through TikTok and interacted with each other on both TikTok and Snapchat. (T.T. 25, 47, 49). The victim and [Luskey] had contact on numerous occasions. (T.T. 73).

> On the date at issue, [Luskey] appeared at the victim's house. (T.T. 27). Once inside, [Luskey] and the victim walked into the victim's bedroom, where [Luskey] undressed and proceeded to take the victim's clothing off. (T.T. 31-32). Sexual contact and sexual intercourse followed. (T.T. 33-38).

> Evidence of sexual contact was stipulated to and corroborated by a DNA analysis conducted on a vaginal swab of the victim; a serology report from the Greensburg Regional Lab of the Pennsylvania State Police; and a copy of the medical records obtained from the Children's Hospital of Pittsburgh. (T.T. 92-93). [Luskey] also admitted to having sexual intercourse with the victim. (T.T. 132).

> At the time of the offense, the minor victim was 14 years of age (D.O.B. 01/[]/2005) (T.T. 22); [Luskey] was 32 years of age (D.O.B. 12/02/1987) (T.T. 104).

(Trial Court Opinion, 10/29/21, at 2).

The Commonwealth charged Luskey with the aforementioned sexual offenses and a jury trial commenced on August 2, 2021. In addition to the foregoing facts, Luskey testified that the victim identified herself as "Ashley"

on TikTok and did not tell him her age, only stating that she was taking online classes. He stated that the victim invited him over and provided her address on the date of the incident. He was unfamiliar with the area and called her from 15 minutes away to get directions to the house. He proceeded on a mistake-of-age defense for all the underlying sexual charges.

The victim testified that she had a TikTok account that her mother set up, but that she had it shut off at some point before this incident and used Snapchat. She testified that Luskey had sent her at least one picture of his "private part" on Snapchat, and that on the day in question, she was alone at the house when he texted her that he was there. She opened the door to Luskey because she unsuccessfully tried to call her mother for guidance and she did not know what else to do. Luskey hugged her at the door and they went inside, where Luskey asked her where her bedroom was. In the bedroom, Luskey undressed the victim and they had sex. When the victim's brother came home shortly thereafter, she immediately told him what happened.

On cross-examination, the victim admitted that she had been texting on Snapchat and was on a voice call immediately prior to Luskey's arrival at her door, where video surveillance showed her greeting him with a hug and leading him inside. She explained on cross-examination that she had other TikTok accounts not set up by her parents, and that the one she used to communicate with Luskey had a false name and no age, although she insisted

that she told him she was 14. When presented with a police interview transcript, she admitted she lied to police when she told them that she had not previously interacted with Luskey on TikTok.

On August 3, 2021, the jury convicted Luskey of Corruption of Minors and acquitted him on all other charges. On August 24, 2021, the trial court sentenced him to the maximum term of imprisonment of not less than 30 nor more than 60 months. Luskey filed a post-sentence motion challenging the weight and sufficiency of the evidence in which he argued, in pertinent part, that the verdict was against the weight of the evidence because the victim "lied about her age to [him]; created at least two (2) false accounts on TikTok; and provided false testimony regarding her encounter with [him]." (Luskey's Motion for New Trial - Weight of the Evidence, 8/26/21, at § 13). The court denied his post-sentence motion,[2] and Luskey timely appealed and filed a court-ordered statement of errors on appeal. *See* Pa.R.A.P. 1925(b).[3]

_____

[2] However, the court directed the Clerk of Courts to amend Luskey's conviction for Corruption of Minors to a misdemeanor of the first degree due to his acquittal of the underlying sexual offenses.

[3] The trial court filed a Rule 1925(a) opinion on October 29, 2021, that addressed the sufficiency of the evidence, not its weight. *See* Pa.R.A.P. 1925(a). On May 2, 2022, this Court remanded for the trial court to file a supplemental opinion addressing the weight of the evidence issue, which it did in its May 6, 2002 supplemental opinion. This case is now ripe for our review.

**II.**

Luskey concedes that the evidence was sufficient for his conviction of Corruption of Minors where he admits that he had sexual intercourse with the 14-year-old victim and the mistake-of-age[4] defense does not apply. (**See** Luskey's Brief, at 8). However, he argues that the verdict was so against the weight of the evidence based upon the victim's "misstatements[,] other untruthful testimony [and] other circumstances" that it would "shock one's sense of justice" to allow the judgment to stand.[5] (Luskey's Brief, at 11); (**see id.** at 6-12).

_____

[4] Section 6301 of the Crimes Code provides: "whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age … commits a misdemeanor of the first degree." 18 Pa.C.S. § 6301(a)(1)(i). "Actions that tend to corrupt the morals of a minor are those that would offend the common sense of the community and the sense of decency, propriety and morality which most people entertain." **Commonwealth v. Snyder**, 870 A.2d 336, 351 (Pa. Super. 2005) (citation and internal quotation marks omitted). "The statute requires that the knowing, intentional acts of the perpetrator tend to have the effect of corrupting the morals of a minor." **Commonwealth v. DeWalt**, 752 A.2d 915, 918 (Pa. Super. 2000) (italics and citation omitted). Section 6301(d) provides that "[w]henever in this section the criminality of conduct depends upon the corruption of a minor whose actual age is under 16 years, it is no defense that the actor did not know the age of the minor or reasonably believed the minor to be older than 18 years." 18 Pa.C.S. § 6301(d).

[5] It is well-settled that:

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder and is free to believe all, part, or none of the evidence presented and determine the credibility of the witnesses.

*(Footnote Continued Next Page)*

- 5 -

Luskey argues that it shocks the conscience that he would be found criminally liable because of the victim's testimony, conduct and other circumstances. Specifically, he points to the victim contacting him on a Monday when a teenager should have been in school, her offering conflicting testimony about the TikTok accounts, and the details about him showing up at her home unannounced. (*See* Luskey's Brief, at 8-11). He also argues that the fact that he lived an hour away from the victim and was unfamiliar with the area or her home supports an inference that he did not commit the crime of Corruption of Minors. (*See id.* at 11-12).

---

> As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience. Furthermore, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Boyd*, 73 A.3d 1269, 1275 (Pa. Super. 2013) (*en banc*) (citation and quotation marks omitted); *see also Commonwealth v. Akhmedov*, 216 A.3d 307, 326 (Pa. Super. 2019) (*en banc*), *appeal denied*, 224 A.3d 364 (Pa. 2020) ("In order to grant a new trial on the grounds that the verdict is against the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.").

The trial court explains:

> A review of the evidence presented at trial demonstrates that [Luskey] and the victim had contact through social media applications and the victim testified that [Luskey] sent her photographs of his "private part." (T.T. 47 to 51). [Luskey] was thirty-two (32) years of age, and the victim was fourteen (14) years of age when they engaged in sexual intercourse, and admission made by [Luskey] at trial. (T.T. 131 to 132). The [c]ourt finds that the jury verdict is amply supported by the evidence and the verdict of guilty does not shock this [c]ourt's sense of justice. The conduct of [Luskey] in engaging in sexual intercourse with a fourteen (14) year old victim are indeed actions that tend to corrupt the morals of a minor since they "offend the common sense of the community and the sense of decency, propriety, and morality which most people entertain." **DeWalt**, **supra** at 918.

(Trial Court Supplemental Opinion, 5/06/22, at 3) (pagination and some case citation formatting provided). We discern no abuse of discretion.

Luskey points to inconsistencies in the victim's testimony to support his claim. For example, there were inconsistencies in the victim's testimony regarding the TikTok accounts and whether she told Luskey she was only 14; she admitted she lied in her police interview about prior communication with Luskey; the details about him appearing at her home varied and video surveillance showed them hugging . (**See** N.T. Trial, 8/02/21, at 25-26, 28-29, 31-33, 65, 67, 72, 74). However, the jury was aware of these inconsistencies when it convicted Luskey of Corruption of Minors and it was within its province as factfinder to determine the victim's credibility and the weight to be afforded her testimony. **See Boyd**, **supra** at 1275.

In any event, the above inconsistencies are irrelevant. Regardless of any conflicts in the victim's testimony, Luskey concedes that the facts necessary for the Corruption of Minors charge are undisputed. As noted by the trial court, 32-year-old Luskey admitted at trial that he had sex with the 14-year-old victim. (*See* N.T. Trial, at 50-51, 131-32). Whether the victim misrepresented other facts either at or before trial is immaterial. Luskey provides no legal argument that he should not be held liable for his admitted illegal conduct because the victim made certain misrepresentations, particularly where the mistake-of-age defense is unavailable. Because we agree with the trial court that Luskey's behavior "would offend the common sense of the community and the sense of decency, propriety and morality which most people entertain," we decline his invitation to re-weigh the evidence and find that he should not be held liable. *Snyder*, *supra* at 351; *DeWalt*, *supra* at 918. His issue does not merit relief. *See Boyd*, *supra* at 1275.

Judgment of sentence affirmed.

Judge Olson joins the memorandum.

Judge Sullivan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2022

- 8 -