**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEVEN BRADY HALL | : | |
| | : | |
| Appellant | : | No. 1578 MDA 2021 |

Appeal from the Judgment of Sentence Entered October 11, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002735-2015

BEFORE:  DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JULY 06, 2022**

Steven Brady Hall (Hall) appeals from the judgment of sentence entered in the Court of Common Pleas of Dauphin County (trial court) imposing a total fine of $200 for his convictions of aggravated indecent assault of a child, unlawful contact with a minor, corruption of minors and indecent assault (person less than 13 years of age).[1]  We affirm.

On March 9, 2017, Hall entered a negotiated plea to the above offenses. Under the agreement, Hall would be sentenced to four to eight years' imprisonment followed by five years of probation.  After accepting his plea,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3125(b), 63118(a)(1), 6301(a)(1) and 3126(a)(7).

the trial court deferred sentencing pending a presentence investigation and a sexually violent predator (SVP) evaluation.

On May 11, 2017, after finding he was not an SVP, the trial court sentenced Hall to the agreed terms of his plea deal and ordered him to pay a fine of $50 for each of his four convictions, for a total fine of $200. In doing so, however, the trial court did not inquire about his ability to pay those fines. After sentencing, Hall did not file any post-sentence motions or a notice of appeal.

A year later, on May 11, 2018, Hall filed a *pro se* petition under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546. Counsel was appointed and moved to withdraw under **Turner/Finley**,[2] contending the petition was meritless. On July 18, 2018, the PCRA court issued notice of is intent to dismiss under Pa.R.Crim.P. 907. After Hall failed to file a response, the PCRA court waited almost two years until issuing its final order dismissing the petition on April 30, 2020. Hall timely appealed.

On appeal, Hall challenged, among other things, the trial court's imposition of fines without first determining his ability to pay. Noting that his claim constitutes a non-waivable challenge to the legality of sentencing, we agreed with Hall that the trial court erred by imposing a non-mandatory fine

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super.1988) (*en banc*).

without first making a record of his ability to pay that fine. *See Commonwealth v. Hall*, 255 A.3d 1271, 2021 WL 2071115, at \*3-4 (Pa. Super. filed May 24, 2021) (unpublished memorandum). As a result, we vacated that portion of the sentencing order imposing court fines and remanded for the trial court to determine the appropriate amount of fines, if any, after inquiring into Hall's ability to pay. *Id*. at \*4.

After appointing new counsel, the trial court held the resentencing hearing on October 11, 2021. At the end of the hearing, the trial court found that Hall was able to pay the fine as it did not find them to be excessive. After the denial of his post-sentence motion for modification, Hall filed this appeal challenging the trial court's imposition of fines, arguing that the trial court's reimposition of a $200 total fine was excessive considering his limited ability to pay the fine.

Before addressing the merits, we must determine our standard of review. This Court has stated that, "a claim that the trial court failed to consider the defendant's ability to pay a fine can fall into several distinct categories." *Commonwealth v. Boyd*, 73 A.3d 1269, 1273 (Pa. Super. 2013) (*en banc*). Possible claims include: (1) the absence of "a record of the defendant's ability to pay before the sentencing court[;]" (2) the failure of "the sentencing court [to] consider evidence of record[;]" and (3) the failure of the sentencing court "to permit the defendant to supplement the record." *Id.* The second and third categories go to the discretionary aspect of the

sentence. *Id.* at 1274. Only the first category—*i.e.*, the complete absence of a record of the defendant's ability to pay—constitutes a challenge to the legality of the sentence. *Id.* at 1273.

Because Hall's claim is not that there was a complete absence of a record of his ability to pay, his claim challenges the discretionary aspects of sentencing.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> (1) Whether appellant has filed a timely notice of appeal;(2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Lucky*, 229 A.3d 657, 663-64 (Pa. Super. 2020) (internal quotation marks omitted).

Hall (1) filed a timely appeal, (2) preserved his challenge in a post-sentence motion; and (3) includes a statement under Pa.R.A.P. 2119(f) in his brief. The only issue remaining is whether he has raised a substantial question that the sentence is improper under the Sentencing Code.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Ali***, 197 A.3d 742, 760 (Pa. Super. 2018) (internal citations and quotations omitted).

In his Rule 2119(f) statement, Hall argues that trial court's fine was arbitrary because it was not "specially adapted to deterrence of the crime involved or to the correction of the defendant." 42 Pa.C.S. § 9726(b)(2). Because he argues that the trial court's actions were inconsistent with the Sentencing Code, we find that he does raise a substantial question and will consider the merits of his argument.[3]

Section 9726 of the Sentencing Code provides, in pertinent part:

**(b) Fine as additional sentence.--**The court may sentence the defendant to pay a fine in addition to another sentence, either involving total or partial confinement or probation, when:

(1) the defendant has derived a pecuniary gain from the crime; or

_____

[3] Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Lekka***, 210 A.3d 343, 350 (Pa. Super. 2019) (citation omitted).

(2) the court is of the opinion that a fine is specially adapted to deterrence of the crime involved or to the correction of the defendant.

**(c) Exception.--**The court shall not sentence a defendant to pay a fine unless it appears of record that:

(1) the defendant is or will be able to pay the fine; and

(2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime.

**(d) Financial resources.--**In determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose.

42 Pa.C.S. § 9726. Additionally, "[i]mposition of a fine is not precluded merely because the defendant cannot pay the fine immediately or because he cannot do so without difficulty." ***Commonwealth v. Thomas***, 879 A.2d 246, 264 (Pa. Super. 2005) (citation omitted).

Hall argues that not enough information was elicited at the resentencing hearing about his ability to pay, as there was no information about how much he works in the prison commissary or how that money is used for daily necessities. Instead, Hall contends, the trial court abused its discretion in concluding that he had the ability to pay based on that fact that he has already paid some of the fine. ***See*** Hall's Brief at 15-16.

In explaining its decision to reimpose its original $200 fine, the trial court summarized the evidence elicited at the resentencing hearing.

This Court imposed a $50.00 fine on each count for a total of $200.00. (Notes of Testimony, Resentencing Hearing, 10/11/21, 2) (hereinafter, "N.T., Resentencing"). At the time of

- 6 -

the resentencing hearing, [Hall] paid approximately $1,428.18 towards costs and approximately $20.20 towards each of the four fines imposed. (N.T., Resentencing, 3). The Commonwealth stated that [Hall] paid a total of$1,908.04 towards fines and costs and that [Hall] only had approximately $80.80 remaining to pay for his fines. (N.T., Resentencing, 4). [Hall] argued that money he received from individuals is being used to pay his fines and costs. (N.T., Resentencing, 3).

During the resentencing hearing, this Court determined that [Hall] is working while incarcerated. (N.T., 4). [Hall] is earning approximately thirty-three cents per hour. **Id.** [Hall] was employed and paying fines prior to incarceration. (N.T., Resentencing, 6). This Court determined that [Hall] has demonstrated his ability to pay his fines by paying more than half of the total costs of his fines to date. From the original total of $200.00, [Hall] has approximately $80.80 remaining to pay. [Hall's] difficulty with paying the fines while incarcerated does not preclude this Court from imposing said fines nor does it demonstrate that he is unable to pay the fines. Thus, this Court determined that the original fines of $200.00 total is appropriate as [Hall] has a demonstrated ability to pay.

Trial Court Opinion, 1/24/22, at 3.

After review, we find this analysis sufficient to justify the trial court's decision to impose a fine of only $50 for each of his four misdemeanor convictions. Slow as it has been, Hall has demonstrated an ability to pay his fine by the fact that there remained only $80.80 on his fine left to pay. **See** N.T., 10/11/21, at 4. That Hall is not able to immediately pay the fine due to his incarceration, nor that doing so is difficult for him, does not prevent the trial court from imposing the fine after receiving evidence about his ability to pay. **See Thomas**, **supra**. Accordingly, because the trial court received evidence that Hall has been able to pay his fine, albeit slowly, we find no

manifest abuse of discretion under Section 9726 in the trial court's decision to reimpose its original $200 total fine for Hall's convictions.[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/06/2022

---

[4] In his argument, Hall also asserts that the "trial court did not indicate why a fine was issued nor how the fine would act as a deterrence." Hall's Brief at 16. Because he offers nothing beyond this one sentence for this contention, we find this argument waived for lack of development. **See Commonwealth v. Antidormi**, 84 A.3d 736, 754 (Pa. Super. 2014) (finding issue waived because appellant "cited no legal authorities nor development of any meaningful analysis.").