J-S39007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILLIP B. BAKER | : | |
| | : | |
| Appellant | : | No. 295 MDA 2023 |

Appeal from the Order Entered November 29, 2022
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000585-2017

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:          **FILED: DECEMBER 13, 2023**

Appellant, Phillip B. Baker, appeals *pro se* from the November 29, 2022 Order entered in the Lebanon County Court of Common Pleas denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless.  Appellant raises numerous layered ineffective assistance of counsel claims.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On October 25, 2018, a jury convicted Appellant of one count each of Involuntary Deviate Sexual Intercourse with a Child ("IDSI"), Indecent Assault—Complainant Less than 13 Years of Age, Corruption of Minors ("COM"), and Endangering Welfare of Children ("EWOC")[1] arising from the sexual abuse of his grandson between

---

[1] 18 Pa.C.S. §§ 3123(b), 3126(a)(7), 6301(a)(1)(ii), and 4304(a)(1), respectively.

January 2009, and May 2016.[2]  On April 17, 2019, the trial court imposed an aggregate sentence of 15 to 30 years of incarceration and ordered Appellant to pay $2,500 in fines.  On June 15, 2020, this Court affirmed Appellant's Judgment of Sentence and our Supreme Court subsequently denied Appellant's Petition for Allowance of Appeal.  **See Commonwealth v. Baker**, 237 A.3d 1057 (Pa. Super. 2020) (unpublished memorandum), *appeal denied*, 240 A.3d 104 (Pa. 2020).

On August 2, 2021, Appellant *pro se* filed a PCRA Petition raising numerous allegations of error.  In particular, Appellant asserted his trial counsel had been ineffective for failing to, *inter alia*: (1) file a pre-trial motion to dismiss the charges or seek a judgment of acquittal on statute of limitations grounds; (2) not "alert[]"[3] the trial court that the Commonwealth did not prove the "serious bodily injury," "forcible compulsion" and *mens rea* elements of the offense of IDSI, 18 Pa.C.S. § 3123(a); (3) object to the court instructing the jury that the victim's testimony alone is sufficient to sustain a conviction; (4) object to the admission of the victim's videotaped statement to a Children's Resource Center ("CRC") child advocate as cumulative; and (5) object to the imposition of fines without holding an ability to pay hearing.

---

[2] The victim was born in April 2006.

[3] PCRA Petition, 8/2/21, at ¶ 42.

The PCRA court appointed counsel who, on October 15, 2021, and September 8, 2022, filed Amended PCRA Petitions reasserting the grounds for relief set forth by Appellant in his original petition.

The PCRA court held a hearing on Appellant's petition on November 29, 2022.  Following the hearing, the PCRA court dismissed Appellant's petition in open court.[4, 5]

On December 8, 2022, Appellant filed a motion requesting a *Grazier*[6] hearing.  On December 12, 2022, the PCRA court entered an order granting the motion and scheduling a *Grazier* hearing for January 30, 2023.

Following the *Grazier* hearing, the PCRA court granted Appellant's request to proceed *pro se* and notified Appellant that he had 30 days to file an appeal.

This appeal followed.[7]  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

---

[4] The court did not, however, notify Appellant of his appellate rights as required by Pa.R.Crim.P. 908(E) ("If the judge disposes of the case in open court in the presence of the defendant at the conclusion of the hearing, the judge shall advise the defendant on the record of the right to appeal from the final order disposition of the petition and of the time within which the appeal must be taken.").

[5] The court entered a written order dismissing the petition that same day.

[6] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

[7] The PCRA court's failure to notify Appellant of his appellate rights on November 29, 2022, as required by Rule 908(E), constitutes a breakdown in the operation of the court. Because the court finally informed Appellant of his
*(Footnote Continued Next Page)*

- 3 -

Appellant raises the following five issues on appeal:

1. Whether sufficient evidence exists to support the [IDSI] crime of violence, where no serious bodily injury was claimed, nor proven, and Appellant's jury was not charged to find the heightened culpability/*mens rea* required to commit this crime of violence, and, whether trial court's failure to seek a judgment of acquittal constitutes ineffective assistance of counsel, and, whether PCRA counsel's failure to advocate these discrete issues did not violate Appellant's right to effective representation as relief would be available under the PCRA[?]

2. Whether Appellant was unconstitutionally convicted of crimes whose statute of limitations expired as his jury was not charged to determine whether the element of negating a defense to the expired charges was proven by the prosecution, and, whether trial counsel's failure to move for judgments of acquittal thereon constitutes ineffective assistance of counsel, and, whether PCRA counsel's failure to advocate these discrete facts rendered his representation ineffective as relief would have been available under the PCRA[?]

3. Whether the sentencing court erred as a matter of law in imposing fines absent the conduct of the required ability to pay colloquy under 42 Pa.C.S.[] § 9726(c), and whether trial counsel's failure to object to this deficiency constitutes ineffective assistance of counsel, and, whether PCRA counsel's failure to advocate this discrete issue did not violate Appellant's right to effective representation as relief would be available under the PCRA[?]

4. Whether the testimony alone instruction violated Appellant's due process right to a fair trial where his jury was directed that the mere words spoken by the complainant was sufficient to convict, in violation of 18 Pa.C.S.[] § 3106, and, whether trial counsel's failure to object to this patently erroneous instruction constitutes ineffective assistance of counsel, and, whether PCRA counsel's failure to advocate these discrete issues did not

_____

right to appeal on January 30, 2023, we deem Appellant's appeal from the November 29, 2022 order dismissing his petition, filed on February 21, 2023, timely filed.

violate Appellant's right to effective representation as relief would be available under the PCRA[?]

5. Whether admission of the CRC video violated Appellant's right of confrontation and his constitutional rights to due process of law, and, whether trial counsel's failure to object to its admission constitutes ineffective assistance of counsel, and, whether PCRA counsel's failure to advocate these discrete facts rendered his representation ineffective as relief would be available under the PCRA[?]

Appellant's Brief at 6-8.

## A.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffective assistance of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [the] appellant." *Id.* To

satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. **Commonwealth v. Fulton**, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. **Id.**

To establish the prejudice prong, the petitioner must prove a reasonable probability that the outcome of the relevant proceedings would have been different but-for counsel's action or inaction. **Commonwealth v. Busanet**, 54 A.3d 35, 46 (Pa. 2012). Importantly, "counsel cannot be deemed ineffective for failing to raise a meritless claim." **Fears**, 86 A.3d at 804.

In each of his issues, Appellant asserts that both trial counsel and PCRA counsel were ineffective for failing to raise certain claims. He has, thus, presented layered ineffectiveness claims. "Where a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation." **Commonwealth v. Parrish**, 273 A.3d 989, 1003 n.11 (Pa. 2022). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be

deemed ineffective for failing to raise the underlying issue." ***Commonwealth v. Burkett***, 5 A.3d 1260, 1270 (Pa. Super. 2010).

**B.**

In his first issue, Appellant asserts a layered ineffective assistance of counsel claim based on his contention that the Commonwealth presented insufficient evidence to convict him of IDSI because the complainant did not claim, and the Commonwealth did not prove, that Appellant caused the victim serious bodily injury. Appellant's Brief at 15-38. Appellant claims that trial counsel's "failure to move for a judgment of acquittal at any time available to him" constituted ineffective assistance of counsel *per se*. ***Id.*** at 31. Appellant intertwines this claim with a claim that both trial and plea counsel were ineffective for not objecting to what Appellant characterizes as a "missing *mens rea*" instruction to the jury. ***Id.*** at 36. Appellant asserts, without citation to any authority that "it was incumbent on the trial court to charge Appellant's jury to find" that he acted with "a *mens rea* of, at least, recklessness[.]" ***Id.*** at 19. He, thus, concludes, that the instruction the court provided the jury was "fatally deficient" because it did not "direct[] the jury to find **any** standard of culpability" let alone the "heightened *mens rea* required to commit [IDSI] and an instruction on the requirement of forcible compulsion is entirely absent." ***Id.*** at 24 (emphasis in original).

In considering whether this claim had merit, the PCRA court aptly noted that the Commonwealth charged Appellant with violating Section 3123(b) of the Crimes Code. Unlike Sections 3123(a) and 3123(c), Section 3123(b) does

not require proof of forcible compulsion or that the defendant caused serious bodily injury.[8]  Because conviction of this offense does not require proof of forcible compulsion or serious bodily injury, the PCRA court concluded that Appellant's claim that the Commonwealth presented insufficient evidence to prove these elements was meritless.  Given that this claim was meritless, the PCRA court then concluded that neither trial nor PCRA counsel provided ineffective assistance for failing to raise it.

The record supports the PCRA court's conclusion that neither trial nor PCRA counsel were ineffective for failing to raise a claim that the Commonwealth did not prove elements of an uncharged offense.  Moreover, the record belies Appellant's claim that his trial counsel was ineffective for failing to move for a judgment of acquittal.  In fact, at the conclusion of the Commonwealth's case-in-chief, trial counsel did move for a judgment of acquittal, asserting that the Commonwealth had not "met the elements of the crimes to get this to the jury."  N.T. Trial, 10/24/18, at 165.

With respect to his claim that the jury instruction was deficient, we are mindful that "[a] trial court's charge to the jury must contain a correct statement of the law." *Commonwealth v. Patosky*, 656 A.2d 499, 505 (Pa. Super. 1995) (citations omitted).  When addressing challenges to a jury instruction, we consider the challenged portion in light of the entire

---

[8] "A person commits [IDSI] with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age."  18 Pa.C.S. § 3123(b).

instruction. **Commonwealth v. Ly**, 980 A.2d 61, 88 (Pa. 2009). Here, our review of the court's comprehensive instruction reveals that it correctly stated the law, including the elements of IDSI that the Commonwealth was required to prove, *i.e.*, the age of the victim and whether Appellant engaged in deviate sexual intercourse with him. **See** N.T. Trial, 10/25/18, at 99-101. Accordingly, the PCRA court properly found that neither trial nor PCRA counsel were ineffective for failing to raise this meritless issue. Appellant is, thus, not entitled to relief on this claim.

## C.

In his second issue, Appellant claims that his counsel were ineffective for failing to assert a claim that his convictions of Indecent Assault, COM, and EWOC are illegal because a 2-year statute of limitations applied to those offenses. Appellant's Brief at 39-46.

42 Pa.C.S. § 5552(c)(3) provides that, with respect to offenses whose period for prosecution has expired, the Commonwealth may still prosecute

> [a]ny sexual offense committed against a minor who is less than 18 years of age any time up to the later of the period of limitation provided by law after the minor has reached 18 years of age or the date the minor reaches 55 years of age.

42 Pa.C.S. § 5552(c)(3). Section 5552(c)(3) includes Indecent Assault, EWOC, and COM in the enumerated list of "sexual offenses."

The PCRA court found this claim of ineffective assistance of counsel meritless based on the plain language of Section 5552. We agree. Section 5552 is clear and unambiguous that the statute of limitations does not begin

to run on these offenses when the victim is a minor. Because the victim in this case was a minor, Appellant's claim that the statute of limitations for bringing these charges had expired lacks merit. This claim of ineffective assistance of counsel, thus, fails.

**D.**

In his third issue, Appellant asserts that his trial and PCRA counsel were ineffective for failing to object to the trial court's imposition of fines without conducting a hearing to determine Appellant's ability to pay. Appellant's Brief at 47-52. He contends that evidence of his financial resources—what Appellant "had" in the way of a job, a house, the ability to pay for counsel—contained in, *inter alia* the pre-sentence investigation report was insufficient to prove his ability to pay. ***Id.*** at 49 n.1. He argues, without citation to any authority, that the court was required to consider Appellant's "future prospects of income creation" before imposing fines. ***Id.*** at 49 n.21.

42 Pa.C.S. § 9726(c) permits the trial court to include the payment of discretionary fines in a defendant's sentence only if "it appears of record that[] the defendant is or will be able to pay the fine." 42 Pa.C.S. § 9726(c)(1).

Appellant cites ***Commonwealth v. Ford***, 217 A.3d 824 (Pa. 2009), in support of his claim that the trial court was required to hold a hearing to determine his ability to pay fines before imposing them as part of his judgment of sentence. ***Ford*** is, however, inapposite.

In ***Ford***, our Supreme Court held that the defendant's agreement to pay a specific fine as part of a negotiated plea agreement did not constitute

evidence that he can or will be able to pay the fine. The Court noted that there was no record of the defendant's ability to pay because "no inquiry was made, and no record existed, as to [the defendant's] ability to pay the agreed-upon fines." *Id.* at 827 (citation omitted). The Court opined that, in the negotiated plea context, the trial court "should simply consider whether the defendant is or will be able to pay any negotiated fines." *Id.* at 830-31. Notably, the **Ford** Court did not impose a requirement that the trial court hold a hearing to determine the defendant's ability to pay.

Rather, we find **Commonwealth v. Boyd**, 73 A.3d 1269, 1274 (Pa. Super. 2013), controlling. In **Boyd**, this Court held that a sufficient evidentiary basis for the imposition of fines exists where the court has the benefit of reviewing a pre-sentence investigation report detailing the defendant's employment history and existing assets. *Id.* at 1274.

In explaining its conclusion that Appellant's ineffective assistance of counsel claims based on his alleged illegal sentence lacked merit, the court noted that the evidence of record, including the findings in Appellant's pre-sentence investigation report, indicated that

> [e]ven though Appellant was retired, Appellant had a job that paid him $100,000 a year, had a house, and had the ability to pay for counsel. The pre-sentence investigation report provided relevant information, the trial provided information too, and nothing was presented to this [c]ourt that Appellant was unable to be employed, unable to work, was unable to hold a job, or has a low intelligence quotient. Notably, Appellant was an educated man, was gainfully employed throughout his years, and was in the military.

PCRA Ct. Op., 4/21/23, at 17.

The record supports the PCRA court's findings. Our review confirms that the pre-sentence investigation report contained information that Appellant had a job earning $100,000 per year for 40 years prior to his retirement. He served in the National Guard for six years prior to his discharge. He had assets in the form of a house and a car, and no mortgage or rent obligations. Accordingly, we agree with the PCRA court that there was sufficient evidence in the record to indicate that Appellant had the ability to pay the $2,500 fine imposed by the trial court. Because Appellant's claim lacks merit, neither trial counsel nor PCRA counsel was ineffective for failing to raise it. Accordingly, this claim does not garner Appellant relief.

**E.**

In his fourth issue, Appellant asserts that his counsel were ineffective for not raising a claim regarding trial court's instruction to the jury that the victim's testimony alone, if believed, is sufficient to convict Appellant. Appellant's Brief at 53-61. Appellant claims that this instruction violates his due process rights because it is a "patent violation of 18 Pa.C.S.[] § 3106." *Id.* at 53. He argues, without citation to any authority that, because the instruction directs the jury to convict him if it believes the victim's testimony, the instruction permits the jury to convict simply because the victim made an accusation—"the victim's credibility needs not be tested [and] elements of the crime can be ignored . . .". *Id.* at 55. He assails this as "patently ludicrous, unconstitutional and amounts to the utter abrogation of Appellant's right to a

fair trial[]" because it "removes from the jury the duty to determine the actual elements of crime[.]" *Id.* at 55-56.

Our review indicates that the trial court instructed the jury, in accordance with the Suggested Standard Criminal Jury Instruction 4.13B, as follows:

> The testimony of [the victim] standing alone, **if believed by you**, is sufficient proof upon which to find the defendant guilty in this case. The testimony of [the victim] in such as case as this need not be supported by other evidence to sustain a conviction. Thus[,] you may find the defendant guilty if the testimony of [the victim] convinces you beyond a reasonable doubt that the defendant is guilty.

N.T. Trial, 10/26/18, at 95 (emphasis added).

Suggested Standard Criminal Jury Instruction 4.13B was derived from 18 Pa.C.S. § 3106, a statute pertaining to sexual assault cases, which provides:

> The credibility of a complainant of an offense under this chapter shall be determined by the same standard as is the credibility of a complainant of any other crime. **The testimony of a complainant need not be corroborated in prosecutions under this chapter**. No instructions shall be given cautioning the jury to view the complainant's testimony in any other way than that in which all complainants' testimony is viewed.

18 Pa.C.S. § 3106.

The PCRA court found Appellant's claim meritless because the trial court gave the appropriate instruction to the jury. We agree that the trial court properly instructed the jury that the victim's testimony alone—**if believed by the jury**—is sufficient proof of guilt. This instruction does not require the jury

- 13 -

to believe the victim, nor does it—as Appellant insists—permit the jury to convict a defendant simply because an accusation has been made against him. Appellant's bald claim to the contrary, thus, fails.

**F.**

In his final issue, Appellant asserts that his counsels' failure to raise a claim regarding the admission of the CRC video-recorded interview of the victim as cumulative constitutes ineffective assistance of counsel. Appellant's Brief at 62-72. He claims that the victim's "unchallenged testimony [] was repetitive/cumulative and did not introduce distinctly corroborative claims." *Id.* at 62. Appellant argues that the trial court improperly relied on the Tender Years Hearsay Exception to admit the recording because "the complainant was not unavailable and testified, rendering reliance thereon misplaced." *Id.* at 66. *See also id.* at 67-68 (characterizing the court's "Tender Years" review "moot because the complainant testified.").

The "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Tyson*, 119 A.3d 353, 357 (Pa. Super. 2015) (*en banc*) (citations omitted). "Accordingly, a ruling admitting evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." *Commonwealth v. Strafford*, 194 A.3d 168, 173 (Pa. Super. 2018) (citation omitted).

The record here indicates that the trial court admitted this evidence over Appellant's counsel's objection pursuant to the Tender Years Hearsay Exception, 42 Pa.C.S. § 5985.1. The Tender Years Hearsay Act creates an exception to the general rule prohibiting the admission of hearsay evidence to allow the Commonwealth to present to the factfinder of a statement made by a child who was sixteen years old or younger at the time of the statement. 42 Pa.C.S. § 5985.1(a). Relevant to this appeal, a court may admit a child-victim's out-of-court statement for the truth of the matter asserted when (1) "the court finds, in an *in camera* hearing, that the evidence is relevant and that the time, content[,] and circumstances of the statement provide sufficient indicia of reliability;" and (2) the child testifies at the proceeding or is deemed unavailable to testify. *Id.* at § 5985.1(a)(1)(i)-(ii). "Pursuant to this statute, indicia of reliability include, *inter alia*, the spontaneity of the statements, consistency in repetition, the mental state of the declarant, use of terms unexpected in children of that age, and the lack of a motive to fabricate." *Strafford*, 194 A.3d at 173 (citation and internal quotation marks omitted).

Our review of the Notes of Testimony from the PCRA Hearing, as well as the PCRA court's opinion, indicates that Appellant argued at the hearing that: (1) his trial counsel attempted to prevent the trial court from admitting the CRC interview recording as evidence; and (2) the recording was at the same time both redundantly cumulative because the victim testified at trial and uniquely dissimilar from the victim's trial testimony because of his mannerisms, way of speaking, and level of specificity. N.T. PCRA Hr'g,

1/30/23, at 15-16, 37-41, 47-50. The Commonwealth countered that the trial court had properly admitted it pursuant to the Tender Years Hearsay Exception. *Id.* at 16, 47-50.

The crux of Appellant's argument is that the trial court misapplied the Tender Years Hearsay Exception because the victim testified at trial. This argument represents a fundamental misunderstanding of the exception, which expressly permits the admission of an out-of-court statement of a child victim where, as here, the victim testifies at the proceeding. 42 Pa.C.S. § 5985.1(a)(1)(ii)(A). Accordingly, Appellant's claim that the recording should have been excluded because the victim's statements in it were duplicative or cumulative of the victim's trial testimony lacks merit. Appellant's trial counsel and PCRA counsel were, therefore, not ineffective for declining to raise this meritless claim.

**G.**

In sum, the PCRA court did not err in finding that each of Appellant's layered ineffective assistance of counsel claims lack merit.

Order affirmed.

Judge McCaffery joins the memorandum.

Judge McLaughlin concurs in result.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/13/2023